# Clover Creamery Co. *v.* Diehl.

### *Injury to Minor.*

(Decided May 1, 1913.   63 South. 196.)

1. *Pleading; Amendment; Conditions; Waiver.*—Where the court ordered the amendment to be made in purple ink, but accepted the amendment written in black ink, and refused to strike it out on defendant's motion, it waived the requirement that it should be made in purple ink, as it had authority to do.

2. *Negligence; Machinery Attractive to Children; Complaint.*—A declaration which charged that defendant maintained on its premises machinery, which it negligently left open and unguarded, although it knew that plaintiff, who was a minor two years old, lived upon the premises, was continually playing about the machinery; that the machinery was of such a character as would attract a child of plaintiff's age, and as a proximate result of the negligence of defendant, plaintiff's arm was caught in the cogs of the engine, stated a cause of action for injury to such minor.

3. *Same; Imputed Negligence; Parent.*—The contributory negligence of the father of a three year old child is not available as a defense to an action for injuries to the child caused by the negligence of defendant.

4. *Same; Child of Servant.*—One is liable for injuries to a three year old child caused by the negligence of the manager, even though the manager was the child's father, the child not being responsible for the negligence of its parent.

5. *Damages; Excessive; Loss of Hand.*—A verdict for $3,500 damages will not be set aside as excessive in an action for injuries to a girl two years old, where such injuries necessitated the amputation of her left arm between the elbow and wrist.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Grace Diehl, a minor, by her next friend, against the Clover Creamery Company for personal injuries. Judgment for the plaintiff in the sum of $3,500, and defendant appeals. Affirmed.

The amended count 2 is as follows: "Plaintiff who is a minor three years old, and who sues by her next friend and father, J. M. Diehl, claims of defendant, which is a corporation, $10,000 as damages, for that heretofore, to wit, on the 14th day of April, 1911, the plaintiff was injured through the negligence of defendant in the manner following: The defendant had, at and before the time just stated, on its premises near Mertz Station in Mobile county, Ala., machinery that was attractive to children of plaintiff's age, and was exceedingly dangerous when left unguarded by fence, or in some other way, the machinery being what is known as the gear or cogs operated by a belt connected with the gasoline engine for the purpose of operating a pump for the purpose of pumping the water for defendant's use on said premises, and the plaintiff avers that the defendant then and there negligently permitted said machinery and the said cog to be and remain open and unprotected or unguarded by an inclosure of some character, or in some other manner, although the defendant well knew that plaintiff, who was then and there below the age of discretion, and was then and there residing upon said premises with the permission of defendant, was constantly playing about said premises in close proximity to said machinery; that the said machinery was of such a character that the operation thereof was liable to attract a child of plaintiff's age, the cogs being left in an exposed condition, where the movements thereof could be seen, and that plaintiff was liable to receive serious injuries at some time while said machinery was being operated. And plaintiff avers

that, as the proximate result of the said negligence of defendant, the plaintiff, while playing on said premises at or near the said machinery was attracted by said machinery, and while standing near said machinery where said cogs were unguarded and uncovered as aforesaid, her dress was caught by said cogs, and her left arm was caught in said cogs being then and there operated, and her left hand was by said cogs seized, and her said hand and arm so crushed and mangled as to necessitate the amputation of said arm a short distance below the elbow thereof. And plaintiff avers that at the same time and in the same manner her said left arm, at or about the shoulder thereof, was terribly mangled and cut, and plaintiff avers that the said injuries caused her great suffering and were of a permanent character, all to her damage in the sum aforesaid."

The demurrers were that the complaint fails to allege that the plaintiff at the time of the injuries was upon the premises of defendant by invitation, expressed or implied, in fact or in law, of the defendant; it does not show that the machinery mentioned therein was so especially and unusually alluring to children as to attract them, nor does it allege facts showing that the machinery was attractive to children, or that defendant had knowledge of the attractiveness of the premises of defendant; it is alleged as a conclusion that the machinery was of a dangerous character; it does not show that the attractiveness of the machinery contributed in any degree to the injury; for aught that appears, the defendant was without knowledge of lack of discretion in the child, or the attractiveness of machinery, or that either or both had anything to do with bringing about the injury; because it does not appear that the attractiveness of the machinery was the proximate result of

the injury, or that the same was connected causally; and other grounds, not necessary to be here set out.

Plea 2 was as follows: "That at and for a long period, to wit, six months, prior to the time of the happening of the injury to plaintiff, her father had the power, and it was within the scope and line of his employment and duty as manager of defendant, to so conduct and operate its plant as a reasonably prudent man would do, and that the negligence, if. any, complained of was that of plaintiff's own father, said J. M. Diehl." The demurrers were, in effect, that the negligence of the father cannot be imputed to plaintiff in this case, or pleaded as a defense. The plea shows that the father was the agent of defendant, and is an effort to excuse defendant's negligence by setting up the negligence of one of its employees.

RICH & HAMILTON, for appellant. The amendment was not such as was authorized by the court, and should have been stricken on motion.—*Keith v. Cliatt,* 59 Ala. 408; *B'ham v. Allen,* 99 Ala. 365; 31 Cyc. 632. Motion to strike was the proper procedure.—*Tenn. Co. v. Danforth,* 112 Ala. 89; *Bird's Case,* 167 Ala. 357. The demurrers to the second count should have been sustained.—*T. C. I. & R. R. Co. v. Smith,* 55 South. 170; *M. & O. v. George,* 94 Ala. 214; *Ensley R. R. Co. v. Chewning,* 93 Ala. 24; *Lacy v. Holmes,* 164 Ala. 96. The tendency in Alabama, and over the country generally is not to extend the turn table doctrine any further.—*A. G. S. v. Croker,* 131 Ala. 585; *Chambers v. R. R. Co.,* 143 Ala. 255; *Sheffield Co. v. Martin,* 161 Ala. 153. In such a case the pleading is to be construed most strongly against the pleader, and the child is regarded as a licensee.—29 Cyc. 449-451; *L. & N. v. Sides,* 129 Ala. 399. The child is in the same category as an adult under such

circumstances.—*Jefferson v. B'ham,* 116 Ala. 302; *High-lands Co. v. Robbins,* 124 Ala. 113; *A. G. S. v. Moore,* 116 Ala. 642. Therefore, the complaint must show by its statement of facts that the place was attractive to children.—90 N. W. 284; 79 Pac. 955; 100 Ill. App. 452; 29 Cyc. 448; *Cramer v. So. Ry.,* 52 L. R. A. 359; see also 3 L. R. A. (N. S.) 149; 52 N. W. 965. A causal connection must be shown.—*Sloss-Sheffield v. Smith,* 52 South. 38; *Ala. Ry. v. Sides,* 122 Ala. 594; *L. & N. v. VanZant,* 158 Ala. 527. . The essence of the negligence is that the machine is attractive, and thereby likely to cause injury by being attractive.—79 N. W. 950; 41 L. R. A. 677; 104 Ill. App. 667, and authorities supra; see generally, 75 N. W. 1038; 44 Ia. 27; 70 N. Y. 126; 35 Minn. 481; 51 Am. Rep. 386. The court erred in sustaining demurrers to plea 2.—*Roller v. Roller,* 68 L. R. A. 893; *McKelvey v. McKelvey,* 64 L. R. A. 991; 68 Miss. 711; 67 Me. 304; 218 U. S. 611; *Strouse v. Leipf,* 101 Ala. 444; *So. Ry. v. Crowder,* 135 Ala. 417. This is not a case of joint tort feasor, as the plea distinctly states that the whole negligence was that of the servant, and the master is only secondarily liable.—*Mayer v. Thompson,* 104 Ala. 611; s. c. 116 Ala. 634; *Luling v. Shepherd,* 112 Ala. 588; 25 L. R. A. (N. S.) 343; 2 L. R. A. (N. S.) 378; 54 L. R. A. 649; 68 S. E. 404; 16 Am. St. Rep. 248, and note; 94 Fed. 760; 31 N. E. 989. To permit the child to recover against the master would be allowing him to do indirectly what he could not do directly because not allowed to recover against the parent, the one primarily liable in this action.—142 U. S. 18; 98 S. W. 590; 92 N. E. 725, and authorities supra. Where the master is deprived of his remedy over against his servant, he himself is relieved from liability.—75 N. E. 649; 67 N. E. 443; 23 Atl. 44; 24 N. Y. Supp. 603. It must, therefore, be held that the plea was good, and

that charge 4 requested by defendant should have been given. The court should have excluded the evidence of plaintiff after the case was closed, as there was failure to prove causation, and a defendant cannot be guessed into liability.—*Southworth v. Shea,* 131 Ala. 419; 109 At. St. Rep. 881; 104 N. W. 414; 77 Pac. 515; 73 Pac. 1118; 38 Cyc. 1536; 179 U. S. 658; 21 L. R. A. (N. S.) 115. Counsel discuss exceptions to evidence, but without further citations of authority.

WEBB & MCALPINE, for appellee. The count must be held good on the authority of *A. G. S. v. Croker,* 131 Ala. 585. The court is clothed with sufficient authority to waive the requirement that an amendment to pleading be in a certain kind of ink, and having overruled motion to strike the amendment in effect waived the requirement. Counsel discuss other assignments of error, but without further citation of authority.

ANDERSON, J.—The amended count 2, the only one upon which the case was tried, was not subject to the defendant's demurrers. It more than met the requirements of the rule as laid down in the case of *A. G. S. R. R. Co. v. Crocker,* 131 Ala. 585, 31 South. 561.

Nor did the trial court err in refusing the motion to strike because the amendment was made in black instead of purple ink. That the amendment should be made in purple ink was a mere direction by the court, which it could and did waive by receiving it in black ink, and in declining to sustain the motion to strike.

This was a suit by an infant three years of age, and the contributory negligence of her parent was not available as a defense. This rule has been so often followed in this state that citation of authority is unnecessary. The trial court properly sustained the plaintiff's demurrer to defendant's plea 2.

[Jones v. Adler, et al.]

On the other hand, if plea 2 is not to be deemed one of contributory negligence, it is a mere attempt to escape a legal liability for the sole reason that the defendant's negligent manager is the parent of the plaintiff, and which is, in the end, but an effort to make the child responsible for the negligence of the parent, notwithstanding he was the defendant's manager of its plant and works. The cases relied upon by appellant's counsel, to the effect that a child cannot recover from a parent for personal injuries, whether sound or not, are not applicable, in point or by analogy, to the present plea.

The insistence, in most instances, as to the ruling upon the evidence, amounts to no more than a repetition of the assignments of error, but we do not think that the trial court committed reversible error in ruling upon the evidence.

The injury caused the loss of one of the plaintiff's hands and a part of the wrist, and we are not prepared to say that the verdict was excessive.

The judgment of the law and equity court is affirmed.
Affirmed.

MCCLELLAN, SOMERVILLE, and DE GRAFFENRIED, JJ., concur.