157 So. 849

## NEEDHAM v. BIRMINGHAM TRUSS-VILLE IRON CO.

### 6 Div. 561.

Supreme Court of Alabama.
Dec. 6, 1934.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

454

Jim Gibson, of Birmingham, for appellant.

White E. Gibson, White E. Gibson, Jr., and Don M. Gibson, all of Birmingham, for appellee.

THOMAS, Justice.

The trial court sustained demurrers to counts A and B; the plaintiff took a nonsuit and appealed.

It is insisted by appellant that his pleadings—as those of an invitee—were within the rule of Williams et al. v. Bolding, 220 Ala. 328, 124 So. 892; Alabama By-Products Corporation v. Cosby, 217 Ala. 144, 115 So. 31, 34; Gandy v. Copeland, 204 Ala. 366, 86 So. 3; Thompson v. Alexander City Cotton Mills Co., 190 Ala. 184, 67 So. 407, Ann. Cas. 1917A, 721; Clover Creamery Co. v. Diehl, 183 Ala. 429, 63 So. 196; Alabama Great Southern Railroad Co. v. Crocker, 131 Ala. 584, 585, 31 So. 561.

The counts are within the rule as to an invitee and the general duty of the landowner to third persons, and especially children of tender age invited upon the premises and

"known to be exposed to dangerous artificial agencies" thereupon (Alabama By-Products Corporation v. Cosby, supra); and likewise within the rule that an invitation may be implied from the nature of the place, or instrumentality, its use and alluring qualities calculated to attract children of immature judgment and lack of appreciation of the danger. It will be noted that these counts follow the cases of Clover Creamery Co. v. Diehl, and Alabama By-Products Corporation v. Cosby, supra.

Count B was likewise supported by the cases of this court of Clover Creamery Co. v. Diehl, 183 Ala. 429, 63 So. 196, Alabama By-Products Corporation v. Cosby, 217 Ala. 144, 115 So. 31, and Gandy v. Copeland, 204 Ala. 366, 86 So. 3. The averments of this count were to the effect that plaintiff was an invitee within the rule of the cases of Williams et al. v. Bolding, supra, and Stephens v. Walker, 217 Ala. 466, 117 So. 22, and were otherwise sufficient to propound the inquiry of fact as to whether the mechanical contrivance in question was an attractive nuisance.

There was error in sustaining demurrers to counts A and B.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.