[Alabama Great Southern Railroad Co. v. Crocker.]

# Alabama Great Southern Railroad Co. v. Crocker.

*Action by an Infant against a Railroad Company for Damages for Personal Injuries received on a Turntable.*

1. *Negligence; complaint; demurrer.*—In an action by an infant against a railroad company for damages for injuries received while playing on defendant's turn-table, the first count of the complaint alleges that the defendant company kept a turn-table at its depot, in a public and open place, where many people were accustomed to pass and children resorted to play, that it was attractive to children of tender years, and dangerous, because it was easily turned and of great weight, and a person who was upon it while turning would be in danger of being injured; that plaintiff, an infant of six years, went upon the turn-table, and, while playing with companions of like tender years, had his hip and back caught in or by the turn-table, and was badly mashed, bruised and lacerated; that defendant well knew the circumstances, but negligently left said turn-table unlocked, uninclosed, or otherwise guarded. *Held*: Such count is not subject to demurrer on the ground that it shows that plaintiff was a trespasser, and fails to charge defendant with any willful or wanton injury to plaintiff; and that it fails to state any cause of action against defendant.

2. *Same; same; same.*—In an action against a railroad company by an infant for damages for injuries received while playing on defendant's turn-table, a count of the complaint alleges that defendant kept a turn-table at its depot, an open and accessible place, where children resorted to play; that defendant knew, or had reason to know, that children resorted, or would resort, there to play; that it was a machine or structure dangerous for children to play on; that notwithstanding this knowledge on the part of the defendant, it negligently allowed the turn-table to remain unattended, uninclosed and unguarded, so that children could easily gain access to and move or turn the same; and that plaintiff, a child of six years, received the injuries complained of while playing thereon. *Held*: That such count is not subject to

[Alabama Great Southern Railroad Co. v. Crocker.]

demurrer, on the ground that it shows that plaintiff was a trespasser, and fails to charge defendant with any willful or wanton injury to plaintiff; and that it fails to state any cause of action against defendant.

3. *Same; same; same.*—In an action by an infant against a railroad company for damages for injuries received while playing on defendant's turn-table, a count of the complaint alleges that defendant kept a turn-table at its depot, in an open and accessible place, where children resorted to play; that defendant knew that many children resorted there to play; that the turn-table was a dangerous machine or structure for children, and that several children had been injured thereon, but nevertheless defendant negligently allowed the turn-table to be unfastened, uninclosed and unguarded, so that children could easily gain access and turn the same; that plaintiff was injured there, and the injury was caused by the negligence of defendant in leaving the turn-table unfastened and unguarded, though it was aware of the above stated facts. *Held*: That such count is not subject to demurrer on the grounds, that it shows that plaintiff was a trespasser, and fails to charge defendant with any willful or wanton injury to plaintiff; and that it fails to state any cause of action against defendant.

4. *Complaint; pleas; demurrer.*—In an action by an infant against a railroad company for damages for injuries received while playing on defendant's turn-table, where the complaint alleges, in substance, that defendant kept a turn-table in a public, open place, where many people were accustomed to pass, and children to play; that said turn-table was dangerous; that several children had been injured while playing thereon; that although defendant was aware of these facts, it negligently allowed the turn-table to be unfastened and unguarded; that plaintiff, an infant, of six years, while playing thereon, was mashed and bruised by having his hip and back caught in the machine; and that the negligence of the defendant caused the injury, pleas (1) that the turn-table on which plaintiff was injured was constructed on the land of defendant, and was used by defendant as a necessary adjunct in its business; that defendant did not invite plaintiff to go upon the table, and at the time of the accident had no knowledge that plaintiff was there; that the turn-table was properly constructed; and, further, (2) that at the time of receiving the injury plaintiff was a trespasser and the injury was not caused by wanton or willful negligence on the part of the defendant, present no defense, and are subject to demurrer.

[Alabama Great Southern Railroad Co. v. Crocker.]

5. *Affirmative charge; when should not be given.*—In an action by an infant against a railroad company for injuries received while playing on defendant's turn-table, it is error to give the affirmative charge at the request of the plaintiff, if the evidence does not establish as a legal conclusion that the turntable, having regard to its structure and situation, was of a kind which if left unfastened or unguarded was likely to attract children, or that the danger was so apparent that the defendant ought, in the exercise of ordinary prudence, to have anticipated that children would resort to the machine and be injured.

APPEAL from the County Court of Tuskaloosa.

Tried before the Hon. J. J. MAYFIELD.

This was an action brought by the appellee, Robert Crocker, a minor, by his next friend, against the Alabama Great Southern Railroad Company, to recover damages for personal injuries. The complaint as amended contained three counts. In the first count the plaintiff sued for $2,000 damages for that on February 6, 1898, the said Robert Crocker being then "six years of age, went upon the turn-table kept by the defendant at its depot and yards in the city of Tuscaloosa, Alabama, and while playing upon it with companions who were of like tender years, had his hip and back caught in or under the same, and badly mashed, lacerated and bruised, to his damage as aforesaid; and plaintiff avers that the said turn-table was attractive to children of tender years, who did not know its dangerous character, but that the same was dangerous for children to play upon, because it was easily turned, and, on account of its construction and great weight a person being upon it while it was turning, was liable to be caught under the frame work thereof, and crushed or otherwise injured, and plaintiff avers that said turn-table was kept in a public, open place, where many people were constantly passing and repassing, and many children resorted to play, and the defendant well knowing these facts, carelessly and negligently left said turn-table unlocked, uninclosed or otherwise guarded; wherefore plaintiff sues."

The second count of the complaint was as follows: "The plaintiff claims of the defendant the further sum

of two thousand dollars as damages, for that, heretofore on, to-wit, the 6th day of February, 1898, the defendant owned and kept a turn-table at or near its depot in the city of Tuscaloosa, in an open and accessible place where many children resorted to play, and the defendant, knowing or having reason to believe that children resorted to or would resort to its said turn-table to play, and that it was a machine or structure dangerous for children to play on, negligently allowed or suffered the said turn-table to remain unattended, uninclosed, and unguarded, so that children could easily gain access to, and move or turn the same, and on said day the plaintiff being a child of tender years, of the age of, to-wit, 6 years, while playing on said turn-table" received the injuries complained of.

The third count of the complaint alleged that the defendant at the time of the accident complained of, owned and kept a turn-table near its depot in Tuscaloosa, in an open and accessible place, where children resorted to play, and "the defendant well knew that many children resorted there to play on its turn-table, that said turn-table was a dangerous structure or machine for children, and that several children had been in recent times past, dangerously crushed, lacerated and bruised by playing thereon, nevertheless, negligently allowed said turn-table to be and remain unfastened, uninclosed and unguarded, so that children could easily gain access to and play upon and turn the same." This count of the complaint then averred that the plaintiff being a child of tender years was injured while playing on said turn-table in the manner averred in the other counts of the complaint, and then averred as follows: "That said injury was caused by the negligence of the defendant in leaving said turn-table unfastened and unguarded, although it knew that many children resorted there to play upon the same, that it was a dangerous structure or machine for children to play on, and that several children by reason of playing thereon, had been severely injured and hurt."

To each of these counts of the complaint the defedant demurred upon the following grounds: 1. They show that the plaintiff was a trespasser upon the property

of the defendant, and failed to allege that the defendant was guilty of any wanton negligence or willful injury to the plaintiff. 2. The counts fail to state any cause of action against the defendant. These demurrers were overruled. Thereupon the defendant pleaded three pleas: 1st. the general issue. In the second plea the defendant set up that the turn-table on which the plaintiff was injured was constructed on the land of the defendant and was used by the defendant as a necessary adjunct to the business carried on as a common carrier; that it did not invite the plaintiff to go upon the turn-table, and, in fact, at the time of the accident, did not know that the plaintiff had gone upon it, and that said turn-table was properly constructed. The third plea set up substantially the same facts, and then alleged that the plaintiff, at the time of receiving the injury, was a trespasser, and that said injuries to the plaintiff were not caused by any wanton negligence or willful act on the part of the defendant. To each of the special pleas the plaintiff demurred, setting up in various ways that they did not constitute a defense to the action, and were no answer to the complaint. These demurrers were sustained.

The cause was tried upon an agreed state of facts, from which it appeared that plaintiff was six years of age at the time of the injury complained of, that with a companion or companions, plaintiff had gone upon defendant's land and was playing with the turn-table of the defendant when the same was moved by a boy with whom plaintiff was playing, and plaintiff was injured thereby to the extent of $250; that previous to this time, two other children had been injured on the same turn-table, and this was known to the defendant; that the turn-table was not enclosed by a fence nor was it locked or guarded when plaintiff went thereon; that after the injury to the other children, and prior to plaintiff's injury, the turn-table had been locked by the defendant and several locks had been broken off and stolen, but on the day plaintiff was injured the turn-table had been unlocked and used by the defendant and had not been locked up to the time of the injury, and was left unguarded. It further appeared that the turn-

[Alabama Great Southern Railroad Co. v. Crocker.]

table was used by the defendant as a necessary adjunct to its business as a common carrier, that it was upon its lands and used by it exclusively in such business; that there were no defects in its construction or maintenance and the same had been maintained for many years; that it was necessary to use the same constantly during the day and frequently at night, and that defendant did not invite plaintiff to go upon the land or turn-table and did not in fact know at the time that plaintiff was there. It was further shown that the turn-table was situated in the midst of tracks within the yard limits of defendant, and that the nearest street or road and the one upon which plaintiff lived was six hundred feet distant, and that it was necessary in going from plaintiff's house to the turn-table to cross several tracks, and go into the yards of the defendant. This being substantially all the evidence, the court gave the affirmative charge requested by the plaintiff, and denied a similar charge in favor of the defendant. To each of these rulings the defendant separately excepted. From the judgment in favor of plaintiff, defendant appeals, and assigns for error the several ruling of the court above mentioned.

SMITH & WEATHERLY, for appellant.—No briefs came to the Reporter.

FOSTER & OLIVER, for appellee, cited *R. R. Co. v. Stout*, 84 U. S. 657; *R. R. Co. v. Robertson*, 14 L. R. A. 781; *Keffe v. R. R. Co.*, 21 Minn. 207; *Nagle v. R. R. Co.*, 75 Mo. 653; *Harrisman v. R. R. Co.*, 45 Ohio St. 11; *Westerfield v. Lewis*, 43 La. Ann. 63; *R. R. Co. v. Fitzsimmons*, 22 Kan. 686; *Barrette v. R. R. Co.*, 91 Cal. 296; *Fefferson v. R. R. Co.*, 77 Ga. 120; *R. R. Co. v. Styion*, 66 Tex. 421; *R. R. Co. v. Bailey*, 11 Neb. 333; *Bridges v. R. R. Co.*, 25 S. C. 24; *Riggs v. Barb Wire Co.*, 44 L. R. A. 655; *Pekin v. Mahon*, 155 Ill. 141; Ray's Neg. of Imposed Duty, 26; *O'Malley v. R. R. Co.*, 43 Minn. 289; *Navigation Co. v. Hendrick*, 1 Wash. 446; Wood's Ry. Law, 122; *R. R. Co. v. Hanlon*, 53 Ala. 70; *Jefferson v. Electric Co.*, 116 Ala. 294.

SHARPE, J.—Ownership of property may carry with it the right of the owner to use and to exclude others from the use of the property, but however exclusive may be the owner's rights, he is subject always to the maxim *"sec utero tuo ut alienum non laedas."* Common prudence forbids that one may arrange even on his own premises that which he knows, or in the exercise of common judgment and prudence ought to know, will naturally attract others into unsuspected danger or great bodily harm. It is the apparent probability of danger rather than rights of property, that determines the duty and measure of care required of the author of such a contrivance, for ordinarily the duty of avoiding known danger to others may under some circumstances operate to require care for persons who may be at the place of danger without right.

The averments of this complaint bring the case within the influence of *Sioux City, etc., R. R. Co. v. Stout,* 17 Wall. (U. S.) 657, which is a leading authority in affirmation of the possible liability of railroad companies for negligence in cases of injury to infants trespassing on turn-tables. As appears from cases cited in briefs of counsel, there has been a parting of the ways of judicial opinion concerning the soundness of the decision in *Stout's case.* Some courts have repudiated though numerous others have followed it. We adopt as sound the doctrine there announced concerning both the duty of railroad companies towards infants, and the mode in which the question of negligence should be tried. On the latter point the court applied in that case the general rule which requires, that though the facts bearing on an issue be undisputed, if different ordinarily constituted minds may reasonably and honestly draw different conclusions from those facts the question is properly for the jury and not for the court to determine.

In this case the trial court ruled properly on the several demurrers to pleadings, and in refusing the charge asked by defendant, but in giving the charge requested by plaintiff there was error for which the judgment must be reversed. The evidence did not establish as a legal conclusion that the turn-table, having regard to its construction and situation, was of a

kind which if left unfastened or unguarded was likely
to attract the interference of children, or that the dan-
ger was so apparent that the defendant ought in the ex-
ercise of ordinary prudence to have anticipated that
children would resort to the machine and be injured
by it if so left. These conclusions were necessary to
fix on defendant the charge of negligence made by the
complaint. It may be that the jury would have sup-
plied them from the facts proven, but to do so was be-
yond the court's province.

Reversed and remanded.