(126 So. 866)

**FORD v. PLANTERS' CHEMICAL & OIL CO.**

**7 Div. 912.**

Supreme Court of Alabama.
Jan. 16, 1930.

Rehearing Denied April 3, 1930.

671

Riddle & Riddle, of Talladega, for appellant.

Knox, Dixon, Sims & Dixon, of Talladega, for appellee.

GARDNER, J.

Plaintiff, a minor of tender years, was injured by contact with a "spiral conveyor" of steel or iron which revolved on the outside of defendant's building, eliminating waste and débris. For the most part plaintiff's complaint rests for recovery upon the doctrine of the so-called "turntable" cases. Sioux City & P. Railroad Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745; United Zinc & Chemical Co. v. Britt, 258 U. S. 268, 42 S. Ct. 299, 66 L. Ed. 615, 36 A. L. R. 28; Cox v. Ala. Water Co., 216 Ala. 36, 112 So. 352, 355, 53 A. L. R. 1336; Athey v. Tenn. Coal, Iron & R. Co., 191 Ala. 646, 68 So. 154, 156.

Without regard to any other consideration, that doctrine is here inapplicable, because the danger of the conveyor was obvious and patent. In the very recent case of Williams v. Bolding, 124 So. 892, 895,[1] this court (following the lead of the authorities generally—20 R. C. L. 86) held that this doctrine, founded as it is on defendant's superior knowledge of the peril, "is limited in its application to latent dangers, and, where the injury results from perils of obvious and patent character, it is not applicable." Indeed, the cases of Eades v. Am. Cast-Iron Pipe Co., 208 Ala. 556, 94 So. 593, and Athey v. Tenn. Coal, Iron & R. Co., supra, are to like effect.

As to such obvious dangers this court has said that "common experience shows that a reasonable prudence may trust their avoidance to the universal instinct of self-preser-

[1] Ante, p. 328.

vation. As for children so little advanced as to be unable to recognize the most patent dangers, their inefficiency cannot be allowed to shift the care of them from their parents to strangers, or impose upon the owners of property a duty and liability where otherwise none would exist." Athey v. Tenn. Coal, Iron & R. Co.; Eades v. American Cast-Iron Pipe Co., supra.

Plaintiff insists that count A does not rest upon this doctrine, but is sufficient independently thereof. But, as pointed out in Cox v. Ala. Water Co., supra, defendant is not liable, unless it owes a legal duty which it neglected to perform. The conveyor was on defendant's property. That a child, as well as an adult, may be a trespasser is well settled. So. Rwy. Co. v. Forrister, 158 Ala. 477, 48 So. 69.

The United States Supreme Court in the Britt Case, supra, speaking to this question, said: "Infants have no greater right to go upon other people's land than adults, and the mere fact that they are infants imposes no duty upon landowners to expect them and to prepare for their safety."

And in Cox v. Alabama Water Co., supra, is the following language here pertinent: "To create a legal duty, the person who goes upon the premises of another merely for his own benefit or pleasure must sustain a relation to the owner or his business equivalent to an invitation to come upon the premises."

Plaintiff was a trespasser. Stress is laid by counsel upon the averments that the conveyor was within fifteen feet of a public street, and was in plain view and in close proximity to a public playground where children played. But there is no averment that children were in the habit of going to play where this conveyor was located, and the above-noted averments do not suffice as showing any invitation or license for plaintiff's presence on defendant's property. In support of this count plaintiff relies upon Alabama By-Products Corporation v. Cosby, 217 Ala. 144, 115 So. 31, 35, but the count there considered expressly averred an invitation, and, in treating this count, the language was used that "it is the duty to be reasonably sure that one is not inviting the other into danger." Here there was no invitation either express or implied, and the authorities hereinbefore cited disclose no legal duty resting upon defendant.

We are of the opinion the demurrers were properly sustained, and the judgment of the court below should be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.