## LOVELL v. SOUTHERN RY. CO.

### Civ. A. No. 624.

United States District Court
N. D. Alabama, Jasper Division.
Dec. 29, 1950.

Tom D. F. Bevill, of Jasper, Ala., for plaintiff.

Bankhead, Skinner & Kilgore, of Jasper, Ala., for defendant.

LYNNE, District Judge.

The above-styled cause, coming on to be heard, was submitted on defendant's motion to dismiss the action for failure of the complaint to state a claim upon which relief can be granted.

With admirable candor, plaintiff's attorney stated at the pre-trial hearing that he had fully and fairly alleged the facts out of which his claim is said to have arisen and their elaboration in his excellent brief offers nothing essentially new.

Tersely stated, the sum and substance of his complaint is this: Plaintiff, a thirteen year old child, sustained severe personal injuries when pinned beneath a steel girder on premises of the defendant. Admittedly he was a trespasser thereon. While playing upon a pile or stack of six steel

girders or I-beams, he inadvertently caused one of them to become dislodged and to fall upon him. The premises in question were frequented by the children of the neighborhood and used freely by them as a playground with full notice to the defendant of such practice. Allegedly the pile of steel girders was negligently stacked or contained and no precautions were taken by defendant to prohibit children of the neighborhood from climbing and playing thereupon.

Invoking the "attractive nuisance" doctrine, plaintiff shies away from the fact of his trespass and complains that under the factual situation which obtained at the time of his injury defendant breached a duty which it owed to him and the other children of the neighborhood, namely, to take such precautions as a reasonably prudent person would take to prevent injury to children of tender years, whom it knows to be accustomed to resort there, or who may, by reason of something there which may be expected to attract them, come there to play.

The short answer to plaintiff's ingenuous and well documented argument is that the Alabama courts have evidenced their unwillingness to extend the somewhat constricted "turntable doctrine" to a pile of cross-ties or its equivalent, a pile of steel girders on private premises.[1]

It is my opinion that defendant's motion is due to be sustained and that it would profit plaintiff nothing to have permission to amend his complaint.

It is therefore ordered, adjudged and decreed that said motion be and the same is hereby sustained and that said action be and the same is hereby dismissed. No court costs are taxed herein.

[1]. The case of Pollard v. McGreggors, 1940, 239 Ala. 467, 195 So. 736, after pointing out that a child, as well as an adult, may be a trespasser, held that stacks of cross-ties, placed on a railway company's right of way by persons offering them for sale to such company, did not constitute an "attractive nuisance" rendering the company liable for the death of a boy playing thereon. For an extensive annotation: "Attractive Nuisances" see 60 A.L.R. 1444. Other noteworthy Alabama cases are: Thompson v. Alexander City Cotton Mills Co., 190 Ala. 184, 67 So. 407; Athey v. Tennessee C. I. & R. Co., 191 Ala. 646, 68 So. 154; Birmingham Ice & Cold Storage Co. v. Alley, 247 Ala. 503, 25 So.2d 37.