59 So.2d 807

## LOVELL v. SOUTHERN·RY. CO.

### 6 Div. 357.

Supreme Court of Alabama.

June 30, 1952.

562

Chas. Tweedy, Jr., and Tom D. F. Bevill, Jasper, for appellant.

Bankhead & Skinner, Jasper, for appellee.

LAWSON, Justice.

From the pleading in this case it appears that James Orvill Lovell, thirteen years of age, was injured on or about August 8, 1950, while playing on a stack of "steel I-beams" located on property of the Southern Railway Company at or near Littleton, Jefferson County, Alabama.

This suit was brought by the father of the young boy against the Railway Company to recover for loss of services, doctors' bills and hospital expenses.

Demurrers of the defendant having been sustained, the plaintiff suffered a nonsuit and has appealed as authorized by statute. § 819, Title 7, Code 1940.

The complaint as last amended contained eleven counts. Plaintiff below, appellant here, separately assigns as error the action of the trial court in sustaining demurrer to each count of the complaint. However, in brief filed here on his behalf there is no effort to analyze each count and point out wherein it was sufficient as against the demurrer interposed. We will not attempt to do so.

Succinctly stated, the sum and substance of the complaint is this: Plaintiff's thirteen-year-old son sustained severe personal injuries while playing on a stack of steel girders or I-beams when one of them became dislodged and fell upon him. The stack of steel girders was on the premises of defendant, which were frequented by the children of the neighborhood and used by them as a playground. The children

played on the stack of steel girders. Defendant had full notice of this practice and no precautions were taken by it to prohibit children of the neighborhood from climbing upon and playing on the stack of steel girders.

The complaint contains counts charging the defendant with negligence and wanton conduct in the stacking of the steel girders and in permitting children to play thereon, knowing it was unsafe for them to do so and that they would likely be injured thereby.

The pleader charges negligence and wantonness in general terms and then sets up the facts upon which such charges are predicated. When a complaint is so framed the facts set up must, in themselves, show negligence and wantonness. Blackmon v. Central of Georgia R. Co., 185 Ala. 635, 64 So. 592; Birmingham Railway, Light & Power Co. v. Barrett, 179 Ala. 274, 60 So. 262.

That a child, as well as an adult, may be a trespasser is well settled by our cases. Luallen v. Woodstock Iron & Steel Corp., 236 Ala. 621, 184 So. 182; Pollard v. McGreggors, 239 Ala. 467, 195 So. 736.

Under the averments of the complaint, plaintiff's minor son was a trespasser and, therefore, defendant owed him no duty save not to wantonly or intentionally injure him. Pollard v. McGreggors, supra.

As before shown, the mere characterization of an act as constituting wanton conduct is not sufficient where the facts upon which such a charge is predicated are set out. The facts set up must themselves show wantonness. "Wantonness" has been defined as the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from doing of such act, or omission of such duty, injury will likely or probably result.

Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505.

Invoking the "attractive nuisance" doctrine, plaintiff shies away from the fact of his trespass and complains that under the factual situation alleged the defendant owed a duty to the plaintiff's minor son and the other children of the neighborhood to take such precautions as a reasonably prudent person would take to prevent injury to children of tender years whom it knows to be accustomed to resort there, or who may, by reason of something there which may be expected to attract them, come there to play.

Plaintiff can find no comfort in the so-called "attractive nuisance" or "turntable" doctrine, for this court has refused to extend that doctrine to a pile of crossties or its equivalent, a pile of steel girders, on private premises. Pollard v. McGreggors, supra. See Lovell v. Southern Railway Co., D.C., 94 F.Supp. 458.

In Pollard v. McGreggors, supra, this court held that the defendant was entitled to the general charge, and because of its refusal the judgment of the trial court was reversed. We have examined the original transcript in that case and find that no demurrer was interposed to the complaint.

However, the case made by the plaintiff in this case is no stronger than the proof which this court held insufficient in the case of Pollard v. McGreggors, supra, and on the authority of that case we hold that the trial court did not err in sustaining the demurrer to the complaint.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.