66 So.2d 121

**LANING v. C. R. CRIM BLDG. CO.,**
Inc. et al.

6 Div. 539.

Supreme Court of Alabama.

May 21, 1953.

Rehearing Denied June 30, 1953.

Hogan & Callaway, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville and Jackson, Rives, Pettus & Peterson, all of Birmingham, for appellees.

LAWSON, Justice.

This is a personal injury action by Davidson Lynn Laning, a minor three years of age, who sues by his mother and next friend, Gertrude D. Laning, against C. R. Crim, C. R. Crim Building Company, Inc., and Seale Lumber Company, Inc.

The complaint as last amended included two counts, numbered 5 and 6. Demurrers of the defendants having been sustained to both counts, the plaintiff took a nonsuit and has appealed as authorized by statute. § 819, Title 7, Code 1940.

Plaintiff below, appellant here, separately assigns as error the action of the trial court in sustaining demurrer to each count.

The plaintiff seeks to bring his case within some permissible application of the doctrine of the so-called "turntable" or "attractive nuisance" cases. Sioux City & P. R. Co. v. Stout, 17 Wall. 657, 21 L.Ed. 745; Union Pacific R. v. McDonald, 152 U.S. 262, 14 S.Ct. 619, 38 L.Ed. 434; Clover Creamery Co. v. Diehl, 183 Ala. 429, 63 So. 196; Alabama G. S. R. Co. v. Crocker, 131 Ala. 584, 31 So. 561.

The plaintiff received injuries to his hand when a concrete block fell on it from a stack of such blocks, on which plaintiff was playing. The concrete blocks had been stacked by defendants on a lot on which they were engaged in the construction of a home. The lot where the blocks were stacked was "partially adjacent to the lot on which plaintiff's home rested."

 Counts 5 and 6 are identical except that plaintiff has attached to Count 6 several photographs or pictures of the stack of concrete blocks, with the averment that they show the condition of the stack of blocks immediately after plaintiff was injured.

These photographs, in our opinion, add nothing to complainant's case and would have been subject to motion to strike. We are in accord with the views expressed by the Supreme Court of Florida in the case of Perkins v. Morgan Lumber Co., 68 Fla. 503, 67 So. 126, 129, in upholding the action of the trial court in striking from a declaration photographs of the scene of an ac-

270

cident which plaintiff had attached as exhibits. The Florida court said:

"* * * At best, these photos may have become evidence at the trial of the cause if properly identified and shown to be pertinent to any issue in the cause, but to permit them to be interjected into the case as part of the plaintiff's initial pleading was nothing more than an attempt on the plaintiff's part to plead his evidence, and thus to get it before the jury without the precedent step of proper identification and authentication by the oath of some witness subject to cross-examination. It is contrary to all established rules for a party to plead his evidence in a cause; particularly so when, to become admissible as evidence, the matter so pleaded requires identification and authentication by some witness under oath and subject to cross-examination."

Although no motion to strike was made in this case by the defendants, we will treat the photographs as surplusage.

Aside from the facts already stated, the sum and substance of Counts 5 and 6 is this: The concrete blocks were unevenly stacked to a great height in a manner extremely dangerous to plaintiff and other children of tender years. The stack of blocks was negligently maintained by defendants in that it was left unguarded and unprotected, although defendants knew that plaintiff and other children of tender years were accustomed to play at, near, and upon it. Defendants knew that the stack of blocks was attractive to plaintiff and other children of tender years and knew or should have known that it was extremely dangerous to such children.

Counts 5 and 6 do not state a case under the so-called "turntable" or "attractive nuisance" doctrine, for this court has refused to extend that doctrine to a pile of cross-ties or to a pile of steel girders on private premises. Pollard v. McGreggors, 239 Ala. 467, 195 So. 736; Lovell v. Southern Ry. Co., 257 Ala. 561, 59 So.2d 807. The case made by the plaintiff here is no stronger than the proof which this court held insufficient in the case of Pollard v. McGreggors, supra, or the averments of the complaint held insufficient in the case of Lovell v. Southern Ry. Co., supra.

There is no merit in the contention that the fact that plaintiff here is only three years of age distinguishes this case from the Pollard and Lovell cases, supra. See Cox v. Alabama Water Co., 216 Ala. 35, 112 So. 352, 53 A.L.R. 1336. The basis of our holdings in those cases was that the agencies involved were such common objects that we would not hold them to be attractive nuisances. Recovery was not denied in those cases on the ground that the children had reached such an age that the "turntable" or "attractive nuisance" doctrine was not applicable.

We are of the opinion that the trial court correctly sustained the demurrer to the complaint as amended.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.