72 So.2d 719

**REPUBLIC STEEL CORP. v. TILLERY.**

**6 Div. 601.**

Supreme Court of Alabama.

May 13, 1954.

White, Bradley, Arant, All & Rose, S. M. Bronaugh and J. Reese Murray, Jr., Birmingham, for appellant.

Pointer & Hawkins and Jas. M. Fullan, Jr., Birmingham, for appellee.

## PER CURIAM.

The plaintiff in this case, a boy sixteen years of age, recovered a judgment against defendant (appellant) for personal injuries caused by electricity on the premises of defendant. For some fifteen years defendant had maintained a high voltage (44,000 voltage) line across its property. This included an open field which for a long period defendant used as a dumping ground for refuse taken from its mining operations.

Plaintiff's evidence was all that was submitted. It showed that the wire line was constructed according to the requirements of the National Standard Electric Code, which provided for a clearance of seventeen feet as to pedestrians. The dump in question had a clearance of twenty-five feet when it was constructed. Slag was dumped under the wire in heaps in places as on other parts of the area. Plaintiff, in passing under this wire line over the top of one of the dumps with a metalic rod in his hand which rod was seven feet and five inches in length, was stricken with an electric shock and caused personal injuries. Photographs were introduced showing the place of the accident. The evidence does not show the clearance at that point; nor the height of plaintiff. It showed that there was an area

around a line so charged called a corona which has electric power in it. But the space around the wire so affected is not shown. There was no other circumstance showing a dangerous condition.

Plaintiff and two other boys on this particular Sunday, December 30, 1951, went from their respective homes to a recreation place about a mile and a half away, called Dam Hollow, and had this metal rod, a sort of home made spear, which they used in play. It had a sharp point and the play was to cast it into some target. On their way back, about two P. M., they passed under this wire line over a dump pile when plaintiff received a shock while holding the metal rod in his hand. He was holding it out in front of him. There was no evidence of other details as to how the accident occurred. There was evidence of a path at this place used by boys and others going on beyond for their own pleasure; and especially used by children of defendant's employees and others who lived in that area. This included members of plaintiff's family. Plaintiff testified that he was running over the dump pile of slate, but he did not know whether he touched the wire. He had frequently been along there; and the dump pile had been used by some of the boys as a playground. The photographs offered in evidence show that it was not suitable as a general playground or that it had been so used. It was just a pile of debris upon and around which bushes had grown. But these boys were not there to play and did not play on that occasion. They were simply passing along on and about a path over the area of land belonging to defendant. It had been so used for several years. The dump heap had gradually risen in height, but had not been used recently for dumping. It was apparently not suitable for use by the boys except to pass over it and for such playing as throwing and jumping. The accident did not result from playing there, but only from plaintiff with a metal rod in his hand running over it in returning home.

The plaintiff, sixteen years of age, was in the twelfth grade at school and evidently of ordinary intelligence. It does not appear that he was living on defendant's property or had any particular right or invitation to pass over this property. The jury could find that he was a licensee. Golson v. W. F. Covington Mfg. Co., 205 Ala. 226, 87 So. 439.

The question here is whether defendant owed plaintiff a duty to have those wires insulated at that point, for they were not, or to have a greater clearance between the wire and the dump heap, or to have used other preventive measures.

We have had various wire line cases where children and others were injured from uninsulated wires. Some of them were held to show a breach of duty, Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So.2d 224; Byars v. Alabama Power Co., 233 Ala. 533, 172 So. 621, and some to show an absence of such breach. Moseley v. Alabama Power Co., 246 Ala. 416, 21 So.2d 305; Littleton v. Alabama Power Co., 243 Ala. 492, 10 So.2d 757; Alabama Power Co. v. Cooper, 229 Ala. 318, 156 So. 854; Golson v. W. F. Covington Mfg. Co., 205 Ala. 226, 87 So. 439; Sheffield Co. v. Morton, 161 Ala. 153, 49 So. 772. Those cases and others relate also to the principle of an attractive nuisance which resulted favorably to defendant. Luallen v. Woodstock Iron & Steel Corp., 236 Ala. 621, 184 So. 182; Williams v. Bolding, 220 Ala. 328, 124 So. 892; Ford v. Planters' Chemical & Oil Co., 220 Ala. 669, 126 So. 866; Thompson v. Alexander City Cotton Mills, 190 Ala. 184, 67 So. 407.

■ There is no application of the attractive nuisance or turntable cases where the danger is obvious and patent. Luallen v. Woodstock Iron & Steel Corp., supra; Williams v. Bolding, supra; Ford v. Planters' Chemical & Oil Co., supra. That principle is not supported unless defendant has on his premises a condition which is naturally attractive to children at that place and is likely to be dangerous to such a person in the ordinary course of events, all of which is known to defendant and not to the injured person and not obviously dangerous in itself; that there was no warning of the danger given; that the injured person responded to that attraction and went to

the place by reason of it and was injured there by pursuing a course of conduct which was to be anticipated in the ordinary course of events. It is not necessary in the exercise of due care to guard against results which should not be reasonably anticipated. Authorities supra.

The locus here involved cannot be classed as an attractive nuisance, and appellee does not so claim in brief. But regardless of whether it is so, there may be a condition created upon a person's premises " 'where it is so left exposed that they [children] are likely to come in contact with it, and where their coming in contact with it is obviously dangerous to them, the person so exposing the dangerous thing should reasonably anticipate the injury that is likely to happen to them from its being so exposed, and is bound to take reasonable pains to guard it, so as to prevent injury to them.' " Thompson v. Alexander City Cotton Mills Co., supra, 190 Ala. at page 191, 67 So. at page 410. And in Sheffield Co. v. Morton, supra [161 Ala. 153, 49 So. 774], it is said: "Every theory of negligence works around to the question whether some one did or failed to do what a reasonably prudent and competent man would be expected to do under given circumstances. In determining what precautions were reasonably necessary and incumbent upon the defendant in the use of its property at the place in question, it must be held to have considered the known extent and nature of the use to which the place was customarily put by others than its owner." Moseley v. Alabama Power Co., supra; Golson v. W. F. Covington Mfg. Co., supra; 18 Am.Jur. 467–468; 17 A.L.R. 853. This duty exists whether an injured child should be classified as a licensee or an invitee, or sometimes even a trespasser, if defendant should have anticipated the injury. 18 Am.Jur. 467, notes 1, 2 and 3.

It is of course obviously dangerous to extend a conductor of electricity within reach of the current on a high power line. Plaintiff testified that he knew of the wire line and the danger of electricity. But the evidence does not show that a child at play on that location has ever had in his hand such a metal rod or any other sort of conductor. The evidence is that this was the only occasion when such use had been made of it by any one, though the condition had so remained for many years. Plaintiff was not at play, but merely passing over the area on his way from a playground about one and a half miles away. It would be difficult to lay down a precise standard of duty owing to such a person in respect to the use of the defendant's property by one for his own pleasure, whether he was in the attitude of an invitee, a licensee or trespasser. This rule is not the same when the condition is on plaintiff's property. Sullivan v. Alabama Power Co., supra. The question is controlled by the probability of injury to one who, it may be anticipated, will use defendant's property for his own pleasure in that manner without objection by defendant. The evidence does not show what sort of play had been or would be indulged in there. There was apparently no danger to one passing over the dump heap in the usual way. Such danger as existed by contact with the wire was apparent to any one of ordinary intelligence and plaintiff knew it, as he testified. It was not a secret or hidden danger. It was not in the nature of a trap or pitfall. It was not on the premises of plaintiff or where plaintiff had a right to be or was invited to be. The complaint does not allege and the proof does not show that the dump heap was a general playground in the ordinary sense, or that people walking over it were in the habit of carrying an electric conductor in hand, or were likely to do so. Sheffield Co. v. Morton, supra. The trail was used because it was a short cut to Cat Mountain Road and a little nearer to the mines, not because there was any enticement.

In the case of Love v. Virginian Power Co., 86 W.Va. 393, 103 S.E. 352, relied upon by appellee, plaintiff's intestate was seven years of age. Defendant constructed and operated a high power electric line near some mines. In the course of time as a result of mining operations there was a dump heap of slag and refuse under said wire with a clearance of only four feet. It was said that this condition existed for at least

two years immediately preceding the accident so that defendant knew or should have known of that condition and of the habit and custom of community children to assemble for play and amusement upon and about the slag dump unhindered by enclosures of any sort, and the probability of contact by them with the wire at that point. Plaintiff's intestate, a child seven years of age, while playing on the pile of slag, received the injury from which his death ensued. The child's father, an employee of the coal company, was dead. The child and his mother occupied a house owned by the coal company free of rent. By *contract* the defendant agreed to recognize the right of employees of the coal company to pass to and from and to cross or otherwise enter upon the strip in question. The relation in which such employees stood toward defendant and while upon its right of way was said to be of a higher and different nature than that of trespasser or bare licensee. It was said that the rule of duty does not rest on the attractive nuisance theory or the turntable cases, but "upon the broader and more fundamental principle that one who employs and uses a silent, dangerous and deadly force must exercise such care as is necessary to protect those who may reasonably be expected, through ignorance of the danger, to come into close proximity thereto."

We note that this statement of the principle is consistent with that of our cases which we have here quoted. The differences between that case and this one are glaring and fundamental. An electric wire hot with high voltage electricity only four feet above a place where children of tender years are accustomed to play is so cruelly dangerous as to justify wantonness in not protecting them from it. A child could easily reach it by hand or with any small play thing, and evidently did so on that occasion, and it would be immaterial whether he was a bare licensee or an invitee. The duty is owing to any one who, as known by defendant, would probably be exposed to such a condition in the pursuit of business or pleasure, with the assent of defendant expressed or implied.

We think the affirmative charge was due to be given as requested by defendant for the reasons which we have indicated.

Appellant seeks a ruling on the demurrer to the only count which went to the jury. The ground relied on is that for aught appearing from the complaint, plaintiff was a trespasser. In the case of Moseley v. Alabama Power Co., supra, the court held that a demurrer to counts 1 and 2 of the complaint on that ground was properly sustained. But it observed there was no intimation of a use of the property to such an extent as to charge the owners and utility with a knowledge that children were accustomed to play on the lots. But the count here in question contains sufficient allegations in that respect and shows that plaintiff was a licensee and the existence of such duty as was owing to him as such. Charge 9, refused to defendant, limits too closely the duty owing a licensee or even sometimes to a trespasser in respect to the anticipation of injury to him. The authorities supra support the duty which we have here stated in that respect. The same is true as to the charge constituting assignment of error No. IV. This charge is not numbered.

It does not appear to be advisable to consider the other assignments of error as they will probably not occur on another trial.

The judgment should be reversed and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the CHIEF JUSTICE under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.