105 So.2d 855

**ALABAMA POWER COMPANY**

v.

**Jasper L. KIRKPATRICK.**

**I Div. 586.**

Supreme Court of Alabama.

June 20, 1957.

Rehearing Granted June 12, 1958.

Further Rehearing Denied Oct. 30, 1958.

Inge, Twitty, Ambrecht & Jackson and Thos. E. Twitty, Mobile, and Martin & Blakey, Alvin W. Vogtle, Jr., and Harold F. Herring, Birmingham, for appellant.

Johnston, McCall & Johnston, Mobile, and Hill, Hill, Whiting & Harris, Montgomery, for appellee.

GOODWYN, Justice.

This action was brought by appellee un-. der Code 1940, Tit. 7, § 119, to recover. for injuries causing the death of his minor son. The alleged negligence of the defendant, appellant here, consisted of the maintenance of an unguarded power transmission tower in such a way as to constitute the tower an attractive nuisance to children of tender years. The case was tried before a jury on the general issue and a special plea of contributory negligence. A verdict was rendered in favor of the plaintiff for $15,000, on which verdict the court duly entered a judgment. The defendant's motion for a new trial being overruled, it brought this appeal.

Appellant's first insistence is that the trial court erred in overruling the demurrer to counts 1, 2, and 3 of the complaint. All of these counts appear to be of the same import, differing only in the phrasing and manner of expression. Hence, a consideration of one of the counts will suffice for all.

Count 1 reads as follows:

"Plaintiff claims of the defendant the sum of Fifty Thousand and no/100 ($50,000.00) Dollars as damages for that on, to wit, the 5th day of November, 1952, plaintiff's minor son, Jasper Lawrence Kirkpatrick, Jr., four (4) years of age, climbed up a metal tower of the defendant upon which was maintained high powered wires charged with currents of electricity, dangerous or deadly to the life or limb of human beings coming in contact therewith, on the North side of Kate Street, just East of the Gulf, Mobile and Ohio Railroad tracks in the City of Prichard, Mobile County, Alabama; and plaintiff's minor son, Jasper Lawrence Kirkpatrick, Jr., while playing upon said tower came in contact with one of defendant's deadly electric wires and received injuries from which he died on the 14th day of November, 1952.

"Plaintiff avers that the sides of said tower were generally shaped as a form of ladder, making said tower attractive to children of tender years; who did

not know of the deadly character of the wires maintained by the defendant thereon; but that said tower was maintained and kept in an open place within a few feet of the traveled portion of Kate Street where many people were constantly passing and repassing, and where many children resorted to play; and the defendant well knowing these facts negligently maintained said tower unenclosed or otherwise unguarded, as a proximate result of which negligence, plaintiff's minor son sustained injuries from which he died as aforesaid."

Admittedly, plaintiff bases his right to recover on the attractive nuisance doctrine. This doctrine was first applied in this country by the United States Supreme Court in Sioux City & P. R. Co. v. Stout, 17 Wall. 657, 21 L.Ed. 745, and later adopted by this court in Alabama Great Southern Railroad Co. v. Crocker, 131 Ala. 584, 590, 31 So. 561. It is now firmly established in Alabama. Williams v. Bolding, 220 Ala. 328, 330, 124 So. 892; Clover Creamery Co. v. Diehl, 183 Ala. 429, 434, 63 So. 196. We quote the following from Williams v. Bolding, supra [220 Ala. 328, 124 So. 894]:

"The import of the doctrine as primarily applicable is that: ' "One who maintains dangerous instrumentalities or appliances on his premises of a character likely to attract children in play, or permits dangerous conditions to remain thereon with the knowledge that children are in the habit of resorting thereto for amusement, is liable to a child non sui juris who is injured therefrom." This doctrine is an exception to the general rule that a property owner owes no duty to trespassers except not to wilfully or intentionally inflict injury upon them.' "

This court has been reluctant to extend the doctrine, and there has been a tendency to deny its application in new situations. In the latest case in which the doctrine was discussed it was said:

"* * * That principle [referring to the attractive nuisance doctrine] is not supported unless defendant has on his premises a condition which is naturally attractive to children at that place and is likely to be dangerous to such a person in the ordinary course of events, all of which is known to defendant and not to the injured person and not obviously dangerous in itself; that there was no warning of the danger given; that the injured person responded to that attraction and went to the place by reason of it and was injured there by pursuing a course of conduct which was to be anticipated in the ordinary course of events. It is not necessary in the exercise of due care to guard against results which should not be reasonably anticipated. * * *" Republic Steel Corp. v. Tillery, 261 Ala. 34, 37–38, 72 So.2d 719, 721.

Despite the restrictions on the doctrine's application in Alabama, the counts before us appear to have been carefully drafted to include all of the elements which this court has held necessary to bring a case within the doctrine. To follow appellant's contention that the demurrers to the counts should have been sustained we would have to hold that a power transmission tower, such as the one here involved, cannot constitute an attractive nuisance as a matter of law. This we are not willing to do.

As indicated in Republic Steel Corp. v. Tillery, supra, several well-grounded exceptions to the general applicability of the doctrine have evolved in this state. It is insisted by appellant that a transmission tower falls within the scope of two of these exceptions, and thus cannot constitute an attractive nuisance as a matter of law: First, because the danger from the charged wires is obvious and patent; and second, because a transmission tower, of the type involved here, is such a common object that it cannot be said to have a special attraction to children. We discuss these contentions in the order stated:

1. It is well-settled in Alabama that where the danger from the instrumentality which caused the injury is patent and obvious the doctrine of attractive nuisance is inapplicable. Republic Steel Corp. v. Tillery, supra; Luallen v. Woodstock Iron & Steel Corp., 236 Ala. 621, 623, 184 So. 182; Ford v. Planters' Chemical & Oil Co., 220 Ala. 669, 671, 126 So. 866; Williams v. Bolding, supra; Eades v. American Cast-Iron Pipe Co., 208 Ala. 556, 558, 94 So. 593; Athey v. Tennessee Coal, Iron, & Railroad Co., 191 Ala. 646, 650, 68 So. 154. As said in Williams v. Bolding, supra: "The doctrine is founded on the defendant's superior knowledge of the peril from which the duty arises to use such care as the circumstances of the particular case may require to protect others from injury, and is limited in its application to latent dangers, and, where the injury results from perils of obvious and patent character, it is not applicable."

We cannot agree with appellant that the transmission tower in this case falls within this exception. The greatest danger to a child climbing on such a tower flows from the proximity of highly charged wires. We think it clear that danger from a charged wire is of a latent and insidious character, and such is the import of our cases. See Sullivan v. Alabama Power Company, 246 Ala. 262, 267, 20 So.2d 224; Gandy v. Copeland, 204 Ala. 366, 369, 86 So. 3; 18 Am.Jur., Electricity, § 68, p. 463. It is further contended that there was considerable risk involved in climbing the tower even if the wires were not touched, and, therefore, the tower's dangerous nature was apparent even though the child was unaware that the wires were charged. We do not think it can be said with good reason that the mere height of a tower would cause a child of tender years to appreciate the danger of the wires at the top of the tower. It is the attraction of the tower coupled with the latent danger of the wires which constitutes the alleged attractive nuisance.

2. In several cases this court has held the attractive nuisance doctrine to be inapplicable because the instrumentality causing the injury in each instance was such a common object that it could not be said to hold any special allurement for children, so as to place the owner under a duty to guard against their possible injury. Laning v. C. R. Crim Bldg. Co., 259 Ala. 268, 270, 66 So.2d 121 (piled stack of concrete blocks); Lovell v. Southern Ry. Co., 257 Ala. 561, 563, 59 So.2d 807 (piled steel girders); Pollard v. McGreggors, 239 Ala. 467, 469, 195 So. 736, 738 (pile of railroad crossties). The reason for refusal of the court to extend the doctrine to such common objects is stated in Pollard v. McGreggors, supra, where the court said that the doctrine should be confined to cases where the dangerous agency is so obviously tempting to children that the owner is guilty of negligence in failing to observe and guard against the temptation and danger. " 'If the law should regard such a common object as a pile of ties an attractive nuisance, it would lead to vexatious and oppressive litigation and impose upon owners a burden of vigilance and care which would materially impair the value of property and seriously cripple owners in making beneficial use of the property.' " Pollard v. McGreggors, supra.

We do not think a power transmission tower, such as the one here involved, falls within the influence of these cases. It is a matter of common knowledge that children have a natural love of climbing, and the lattice or ladder-like construction of such a transmission tower gives to it an unusual appeal to children. Also, the manner in which the tower is built makes it comparatively simple to place the necessary safeguards to prevent children from climbing to within reach of the wires, so that no oppressive burden is placed upon the owner.

Thus it is our conclusion that whether a power transmission tower, such as the one here involved, constitutes an attractive

nuisance depends upon the circumstances in the particular case.

Although the question of the applicability of the attractive nuisance doctrine to a power transmission tower does not appear to have been before this court prior to the case at bar, it has been squarely presented to appellate courts of other jurisdictions which adhere to the doctrine. An extensive collection of cases bearing directly on the question, pro and con, is contained in an exhaustive annotation in 6 A. L.R.2d 754. The conclusion which the annotator presents, drawn from the cases, is that the question of whether a power transmission tower constitutes an attractive nuisance depends upon the circumstances in each particular case. As indicated above, we think this is the proper approach.

Since the counts alleged all of the elements necessary to bring the case within the doctrine the demurrers thereto were properly overruled.

### Refusal of Defendant's request for affirmative charge.

It would serve no useful purpose to set out the evidence in detail in this opinion. We think it clear, however, that it was sufficient to require a submission to the jury under the attractive nuisance doctrine. Although the tower was on the railroad right-of-way it was located immediately adjacent to a public street; and there was evidence from which the jury might well have found that it was located in a spot where children frequently played. The lattice-work of the tower formed a sort of ladder on all four sides, running from the ground to the top. The climbing propensities of children are a matter of common knowledge, and the jury could well have found that such a structure was attractive and alluring to a child of tender years. Under the circumstances we think the question of defendant's negligence in failing to guard the charged wires was properly for the jury. Alabama Great

Southern Railroad Co. v. Crocker, supra. Therefore, error was not committed in refusing defendant's request for the affirmative charge.

### Admission of Photographs of other Towers.

Appellant's next insistence is that the trial court erred in receiving in evidence, over appellant's objections, several photographs of other transmission towers equipped with guards designed to prevent climbing. The position taken by appellant is that the conditions at the structures shown in the photographs are not shown to be substantially the same as the conditions at the tower in the instant case.

Aside from any other consideration, it seems to us that the photographs were properly admitted to show the practicability of providing guards to prevent climbing on such towers and the reasonableness of the cost thereof.

### Motion for Mistrial.

Appellant next insists that the trial court erred in refusing its motion for a mistrial on the ground of improper argument by plaintiff's attorney during the opening argument to the jury. The record shows the following took place:

"Mr. Twitty: We object to the gentleman's argument, and I quote: 'As to damages, what would be punishment to us attorneys and to you jurymen would not be punishment to the Alabama Power Company', on the ground that it is highly *inflamatory* and prejudicial, and improper argument to the jury, and we move for a mistrial on these grounds.

"Mr. Hill: I withdraw the statement.

"Court: Overrule.

"Mr. Twitty: That kind of prejudicial statement cannot be withdrawn as to its effect. We except.

"Court: Deny the motion. Go ahead.

"Mr. Twitty: We except."

The argument objected to was unquestionably improper. Such comments upon the defendant's ability to pay have been frequently condemned by this court. Alabama Fuel & Iron Co. v. Andrews, 212 Ala. 336, 338, 102 So. 799; Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 215, 102 So. 130; Alabama Fuel & Iron Co. v. Williams, 207 Ala. 99, 105, 91 So. 879. However, the statement was retracted immediately upon the defendant's objection. There was no motion to exclude. Under the circumstances, the trial court was not called upon to specifically exclude the remark, nor to instruct the jury thereon, nor to reprove plaintiff's counsel. Western Ry. of Alabama v. Mays, 197 Ala. 367, 374, 72 So. 641. Even though the corrective powers of the court were not properly invoked, the defendant is entitled to a new trial if the remarks of counsel were so grossly improper and highly prejudicial that the wrong done was beyond remedy through action of the trial court. Birmingham Electric Co. v. Perkins, 249 Ala. 426, 429, 31 So.2d 640; Birmingham Ry., Light & Power Co. v. Drennen, 175 Ala. 338, 351, 57 So. 876. Therefore, by his motion for mistrial the defendant in effect raises the point that the argument was of such a nature that neither retraction of counsel nor action of the court could have destroyed its prejudicial influence.

The applicable rule is thus aptly stated in Birmingham Electric Co. v. Perkins, supra [249 Ala. 426, 31 So.2d 642]:

"We are called upon, therefore, to determine whether or not these remarks were so erroneous and prejudicial that the same probably influenced the jury to the prejudice of the defendant. Mobile Light & R. Co. v. Gallasch, 210 Ala. 219, 97 So. 733. The trial court was present and was an eyewitness to all of the proceedings and in overruling the defendant's motions in effect found that the remarks were not prejudicial to the defendant. Therefore the action of the trial court in denying the motions for mistrial and in overruling the motions for new trials will not be disturbed by this court unless it affirmatively appears from the entire record that the statements involved were probably prejudicial to the defendant, either as to result or the amount of damages assessed. Mobile Light & R. Co. v. Gallasch, supra [210 Ala. 219, 97 So. 733]; Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165."

In his oral charge the trial court carefully instructed the jury that the defendant's status as a large corporation should have no weight in their consideration of the case. Upon consideration of the entire record, we are at the conclusion that error to reverse was not committed by the trial court in refusing to grant a mistrial on this ground.

There was sufficient evidence to submit the case to the jury, and the amount of the verdict does not seem excessive under the circumstances. It is our opinion, therefore, that the action of the trial court in overruling defendant's motion for a mistrial on this ground must be sustained.

Affirmed.

SIMPSON, STAKELY, MERRILL and COLEMAN, JJ., concur.

LIVINGSTON, C. J., and LAWSON, J., dissent.

## On Rehearing

PER CURIAM.

All counts of the complaint were withdrawn by the plaintiff except One, Two and Three. We have carefully examined each of those counts and have compared

their averments with the allegations of the counts which we held insufficient in Laning v. C. R. Crim Bldg. Co., 259 Ala. 268, 66 So.2d 121, and Lovell v. Southern Ry. Co., 257 Ala. 561, 59 So.2d 807. In our opinion the case made by the plaintiff in Counts One, Two and Three is no stronger than that made by the complaints in the cases last above cited. We conclude, therefore, that Counts, One, Two and Three of the complaint here under review do not state a case under the so-called "turntable" or "attractive nuisance" doctrines and the demurrer interposed thereto should have been sustained.

It follows that the rehearing is granted, the judgment of affirmance is set aside and the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.

SIMPSON, GOODWYN and COLE-MAN, JJ., dissent.