266 So.2d 862

Charles L. MULLINS, a minor of the age of 12 years, who sues by his father and next friend Dallas J. Mullins

v.

M. H. PANNELL.

8 Div. 491.

Supreme Court of Alabama.

Sept. 21, 1972.

Ronald P. Thompson, Albertville, for appellant.

Camp, Page, Williams & Spurrier, Huntsville, for appellee.

PER CURIAM.

This is an appeal from the rulings of the trial court in sustaining defendant's demurrers to the one count of the original

complaint, and to the several counts added thereto by amendment. Plaintiff below, appellant here, took a nonsuit based upon such adverse rulings, and assigns as error the adverse rulings of the court in sustaining defendant's demurrers, and has appealed as authorized by statute. Tit. 7, § 819, Code 1940.

There are four assignments of error, all relating to the same rulings. Both sides have submitted their briefs and arguments in bulk, and we will so consider them as a unit.

This is a personal injury action by Charles L. Mullins, a minor 12 years of age, who sues by his father and next friend, Dallas J. Mullins, against M. H. Pannell, seeking to recover damages for injuries which he alleges he suffered on to-wit: June 11, 1969, while on the premises of defendant, under the so-called "turntable," or "attractive nuisance" cases. The complaint originally contained only one count in simple negligence. Defendant's demurrer thereto being sustained, plaintiff amended by adding Counts II, III, and IV, and by later adding Count V. All counts are in simple negligence. Defendant's demurrers, assigned separately and severally to each count as last amended, were sustained. There is no effort to analyze each count and point out wherein the same was sufficient as against the demurrer interposed, and we will not attempt to do so since all of the counts are based upon the same attractive nuisance theory, and the allegations are substantially the same.

Plaintiff alleges in substance that he was attracted to defendant's premises by a tree with low limbs, some of which were dead and very weak; that the tree was habitually played in and around by children; that defendant had allowed debris to gather around and lay on the ground under and around said tree; that a dog house and some scraps of lumber or planks or boards were also about and under said tree, all of which combined together constituted an obvious danger, or an attractive nuisance, to the children who played in and around said tree, or who climbed into the tree, with the knowledge and permission of defendant; and plaintiff avers that he was attracted to and did play in and around said tree, and that while climbing said tree, a dead limb thereon, on which plaintiff was standing, broke and plaintiff was caused to fall, landing on a portion of the debris, planks, or boards lying under said tree, resulting in the injuries and damages for which he sues. Plaintiff charges defendant with negligence in maintaining, allowing, or permitting such an attractive nuisance to exist on his premises, whereby plaintiff suffered his injuries and damages as a proximate result of defendant's said negligence.

Plaintiff argues strenuously his right to recover under the attractive nuisance doctrine that one who knowingly allows or permits an attractive nuisance on his premises where children are likely to come in contact therewith, and where such contact may be dangerous, has a duty to use such care as the circumstances may require to protect others from harm or injury from such dangerous instrumentality; and that the attractive nuisance doctrine may be implied from the nature of the place, its accessibility, use and alluring qualities calculated to attract children of immature judgment and lack of appreciation of danger.

Defendant contends that the plaintiff was a trespasser, and that the property owner owes no duty to a trespasser except not to willfully or intentionally harm or inflict injury upon him. Plaintiff was a licensee at most under Count V and a trespasser under the averments in the other counts. It is a well established principle of law that a child, as well as an adult, may be a trespasser, Luallen v. Woodstock Iron & Steel Corp., 236 Ala. 621, 184 So. 182; Pollard v. McGreggors, 239 Ala. 647, 195 So. 736; Lovell v. Southern Ry. Co., 257 Ala. 561, 59 So.2d 807, and

defendant owed him no duty save not to wantonly or intentionally injure or harm him.

■ The duty owed a licensee by the owner of the premises is not to willfully or wantonly injure him, nor negligently injure him after discovering he is in peril. Autry v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469; Nelson v. Gatlin, 288 Ala. 151, 258 So.2d 730.

■ Natural objects, such as a tree, are not regarded as constituting an attractive nuisance. Gandy v. Copeland, 204 Ala. 366, 86 So. 3; Thompson v. Alexander City Cotton Mills Co., 190 Ala. 184, 67 So. 407; Sammons v. Garner, 284 Ala. 131, 222 So.2d 717. Does the addition of debris, a dog house, and some scraps of lumber, planks, or boards in and around and under the tree, a natural object, make the whole surroundings, when taken all together, such an attractive nuisance, as to enable plaintiff to maintain his suit? This court has been very reluctant to extend the doctrine of an attractive nuisance to new situations. Alabama Power Co. v. Kirkpatrick, 268 Ala. 338, 105 So.2d 855; Alabama Great Southern Ry. Co. v. Green, 276 Ala. 120, 159 So.2d 823.

A careful and considered examination and comparison of the allegations in each count of plaintiff's complaint, with other cases, compel us to the conclusion that none of the averments in any of the counts meet the essential requirements of an attractive nuisance. The courts have refused to extend that doctrine to a pile of crossties, a pile of steel girders on private premises, a stack of concrete blocks, and to similar situations. Alabama Power Co. v. Kirkpatrick, supra; Laning v. C. R. Crim Bldg. Co., 259 Ala. 268, 66 So.2d 121; Lovell v. Southern Ry. Co., supra. The courts have also consistently denied its application to water hazards. Earnest v. Regent Pool, Inc., 288 Ala. 63, 257 So.2d 313; Cox v. Alabama Water Co., 216 Ala. 35, 112 So. 352. The allegations of the various counts in plaintiff's complaint are no stronger or more compelling than those held to be insufficient in the above cited cases.

The foregoing opinion was prepared by Circuit Judge EMMETT F. HILDRETH, who was assigned to temporary duty on the Supreme Court by the Chief Justice, and was adopted as the opinion of this court in this case.

The judgment of the trial court is affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH, McCALL and SOMERVILLE, JJ., concur.