These cases have been consolidated and constitute an appeal from the granting of summary judgments for defendants below. The actions were brought by Lisa Hickey and her father to recover damages sustained by Lisa when she fell while playing on a treehouse in defendant Charlton's yard. Defendant's motions were based on the pleadings, the deposition of eight-year-old Lisa Hickey (who was six years old at the time of the accident) and the answers to interrogatories of defendant Charlton. Opposition to the motions were based on the pleadings, deposition of Lisa Hickey, answers to interrogatories of defendant Charlton and on pictures of the treehouse filed in both cases.
Plaintiffs' complaints allege in count one that defendant maintained a treehouse on his property, which was naturally attractive to children and likely to be dangerous to them. They further allege that the danger was not obvious, but was known to defendant. Liability was alleged to be based on defendant's failure to take due care to warn plaintiff Lisa Hickey of the danger or to see that the treehouse was guarded so as to prevent injury to plaintiff. The second count of both two-count complaints allege that defendant maintained an attractive nuisance which caused plaintiff Lisa Hickey injury.
The facts as set out in the complaints, deposition and answers to interrogatories show that six-year-old Lisa Hickey was in defendant's yard at the invitation of defendant's six-year-old daughter Amy, with whom she often played. They played on the swing set for awhile and then entered the treehouse at Amy's suggestion. After playing in the treehouse for some time, Lisa attempted to come down the ladder from the treehouse to the ground. She slipped and fell, sustaining injuries to her back. The ladder also fell, although it did not break.
The issue presented by this case is whether the treehouse built in defendant's back yard under the circumstances of this case falls within the attractive nuisance doctrine so as to present a question of liability for the jury and thus defeat summary judgment.
The duty owned by a landowner to one on his property generally depends on the status of the injured party in relation to the land. See, e.g., Autry v. Roebuck Park BaptistChurch, 285 Ala. 76, 229 So.2d 469 (1969). Where, as here, the plaintiff was on *Page 391 
defendant's property with his consent or as his guest, but with no business purpose, she attains the status of a licensee and is normally owed only the duty not to be willfully or wantonly injured, and not to be negligently injured after the landowner has discovered her peril. Autry v. Roebuck Park Baptist Church,supra.
The doctrine of attractive nuisance offers an exception to the limited duty owed by a landowner to a trespasser or licensee. The doctrine applies only where children are involved. Alabama Great Southern Railroad Co. v. Green,276 Ala. 120, 159 So.2d 823 (1964); see Fulford, The Tort Liabilityof Possessors of Property to Trespassing Children in Alabama, 11 Ala.L.Rev. 1, 9-13 (1958). The doctrine was described by this court in City of Dothan v. Gulledge, 276 Ala. 433, 435,163 So.2d 217, 219 (1964):
 "The attractive nuisance doctrine applies to one who maintains dangerous instrumentalities or appliances on his premises of a character likely to attract children in play, or permits dangerous conditions to remain thereon with the knowledge that children are in the habit of resorting thereto for amusement. Williams v. Bolding, 220 Ala. 328, 124 So. 892.
 "The doctrine is not supported unless the defendant has on his premises a condition which is naturally attractive to children at that place and is likely to be dangerous to such a person in the ordinary course of events, all of which is known to the defendant and not to the injured person and not obviously dangerous in itself; and there is no warning of the danger given; that the injured person responded to that attraction and went to the place by reason of it and was injured there by pursuing a course of conduct which was to be anticipated in the ordinary course of events. Republic Steel Corp. v. Tillery, 261 Ala. 34, 72 So.2d 719."
The treehouse on defendant's property was built by defendant and his fourteen-year-old son in 1968. It stood approximately five and one-half feet from the ground and was built between four small trees. It had sides, a roof, one door and a window and was reached with a ladder, the first rung of which was approximately three and one-half feet off the ground.
This court has been very reluctant in the past to extend application of the attractive nuisance doctrine. See, e.g.,Herbert v. Regency Apartments, Inc., 292 Ala. 417,295 So.2d 404 (1974) (a flatbed trailer was held not an attractive nuisance); Mullins v. Pannell, 289 Ala. 252, 266 So.2d 862
(1972) (tree with debris under it not an attractive nuisance);Alabama Great Southern R.R. Co. v. Green, 276 Ala. 120,159 So.2d 823 (1964) (pond); City of Dothan v. Gulledge, 276 Ala. 433, 163 So.2d 217 (1964) (storm sewer); Alabama Power Co. v.Kirkpatrick, 268 Ala. 338, 105 So.2d 855 (1958) (transmission tower).
In Alabama Power Co. v. Kirkpatrick, supra (opinion set aside on rehearing) the court recognized children's "natural love of climbing" but still found that a count which alleged that a transmission tower with a live electrical wire was an attractive nuisance did not state a cause of action. The court has also found that a tree with debris, a dog house and lumber scraps under it did not constitute an attractive nuisance where a dead limb gave way under a child. Mullins v. Pannell,289 Ala. 252, 266 So.2d 862 (1972).
A careful comparison of the circumstances of these cases with those of the cases cited above where liability under the doctrine was denied compels this court to conclude, as a matter of law, that the facts in these cases do not justify the extension of the attractive nuisance doctrine as a remedy for the plaintiffs. Thus, the granting of defendant's motion for Summary Judgment *Page 392 
was appropriate. The trial court's action below is, therefore, affirmed.
AFFIRMED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.