## COBB v. LOWE MFG. CO.

### 8 Div. 456.

Supreme Court of Alabama.

Nov. 2, 1933.

Griffin & Ford, of Huntsville, for appellant.

Cooper & Cooper, of Huntsville, for appellee.

BOULDIN, Justice.

The action is under the homicide statute (Code 1923, § 5696), the father suing for damages because of the death of his minor son. The trial court gave the affirmative charge for defendant.

Defendant, Lowe Manufacturing Company, maintained a drainage ditch for surface waters through its properties. It appears to have been a natural drain for this and other properties, enlarged and kept open by said company to better effect such purpose.

This drain crossed Ninth avenue, a public street or roadway in the Mill village, some 70 feet wide, including sidewalk and driveway.

Defendant company installed and maintained a culvert at this point passing under the street and sidewalk. The culvert consisted of a circular or tubular corrugated pipe, 3 feet in diameter, the ditch at that point being 11 feet wide, and the surface of the sidewalk about 1 foot above the top of the culvert at the intake. A hand rail 2½ to 3 feet above the sidewalk level was maintained by defendant along the sidewalk, extending the width of the ditch and beyond.

Charles Cobb, plaintiff's minor son, nearing his seventh birthday, was passing along this sidewalk with a schoolmate, near the same age, on their way home from school. The water in the ditch, swollen by rains, was over the culvert at the intake. Charles passed under the handrail, was reaching down playing with leaves or chips in the water, and fell in, was drawn by the current into the culvert and drowned.

The water's edge and head of the intake, we observe, was not in the street, but was some inches over the property line and on defendant's property.

Some evidence tended to show defendant company maintained, or had maintained a children's playground on its property adjoining this ditch and running down to this culvert.

This evidence can avail nothing as tending to show Charles an invitee at the time. Without dispute he was going home from school along the sidewalk. The evidence indeed negatives his ever having used the playground. The playground, and the relation of invitees growing out of same, had no causal connection whatever with his death.

Cases dealing with invitees are not in point. Appellant's counsel invoke the doctrine of the turntable cases.

Waters, whether pools or lakes, natural streams, or artificial streams maintained for lawful purposes, it may be conceded, have a lure for children, especially boys, even of tender years.

But this court, in line with reason and the great weight of authority, has declined to extend the doctrine of attractive nuisance to such conditions, so as to impose on the owner of property a legal duty to erect barriers, or other safeguards to protect children, not invitees, from water hazards. They exist everywhere in nature, and take a toll of the lives of adventurous youth, and betime those of very tender years.

Appellant's counsel complain of an added element of potential danger because of the suction at the intake of the culvert, not appreciated by a child of tender years, especially when the water rose above the culvert, and at a point frequented by children passing that way.

It is insisted that a grating should have been put over the head of the culvert to avoid this danger. There was no evidence that any such device was at all practical in maintaining a drain of this sort, lawful and beneficial in the protection of the drained property as well as for sanitary reasons.

Moreover, this culvert was not a hidden danger, but clearly observable to one of sufficient maturity to appreciate its effect upon the current. We have, in such case, declined to impose a legal duty for the special protection of children of tender years who may perchance fall into a stream.

The case is governed by the principles fully discussed in the following cases, which need

not be further elaborated: Athey v. Tennessee Coal, Iron & Railway Co., 191 Ala. 646, 68 So. 154; Eades v. American Cast-Iron Pipe Co., 208 Ala. 556, 94 So. 593; Cox v. Alabama Water Co., 216 Ala. 35, 112 So. 352, 53 A. L. R. 1336; Ford v. Planter's Chemical & Oil Co., 220 Ala. 671, 126 So. 866.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.