131 So.2d 881

Edward C. MAYO

v.

MOBILE ASPHALT COMPANY, Inc.

1 Div. 933.

Supreme Court of Alabama.

June 29, 1961.

Lyons, Pipes & Cook, Mobile, for appellee.

Herndon H. Wilson, Mobile, for appellant.

MERRILL, Justice.

This appeal follows an involuntary non-suit taken by plaintiff after a demurrer was sustained to Counts 1 and 2 of his complaint. The two assignments of error are that the court erred in sustaining the demurrer to Count 1 on June 13, 1958, and in sustaining the refiled demurrer to Counts 1 and 2 on July 15, 1959. The judgment of non-suit was entered March 8, 1960, and the appeal was taken September 7, 1960.

Count 1 alleges that in May, 1956, "off Wolf Ridge Road" there had been for a long time an unused or abandoned well or cistern on the premises of defendant; that it was not covered or filled up, nor was a substantial enclosure being maintained, and that plaintiff's minor son was either killed by falling into the well or cistern, or died after falling into it, being unable to extricate himself therefrom. It was further averred that the presence of this cistern was in violation of Tit. 14, § 384, Code 1940, which reads:

"All persons on whose premises or lands are located abandoned or unused wells, cisterns or mining shafts shall cover or fill them up, or in the event they wish to retain them for possible future use, they shall place and maintain a substantial enclosure around such wells, cisterns or mining shafts in order that no person or live stock may be injured thereby. Any person violating the provisions of this section shall, on conviction, be fined not less than ten dollars, nor more than fifty dollars."

Plaintiff argues that this allegation was sufficient to show negligence per se on the part of the defendant.

The trial court correctly sustained the demurrer to Count 1 if we continue to follow the case of Alabama Great Southern R. Co. v. Cummings, 211 Ala. 381, 100 So. 553, 556, 33 A.L.R. 439. Count 1 closely follows Count 2 in the Cummings case. The same statute, now Tit. 14, § 384, was the basis of the suit. The Cummings case holds that:

(1) Title 14, § 384, Code 1940, is an attempt on the part of the legislature to denominate abandoned or unused wells, cisterns and mining shafts as public nuisances.

(2) The plaintiff's complaint relying on the failure to comply with the terms of the statute is based on the theory of a public nuisance causing special injury.

(3) The constitutionality of the code section must rest upon the authority of the legislature to exercise the police power for the suppression of public nuisances.

(4) A legislative enactment which unreasonably interferes with a private citizen's use of his property is a taking of property without due process of law and is unconstitutional.

(5) An excavation on private premises may become a nuisance only where the excavation adjoins a public highway in such a manner as to render the way unsafe to those who used it with ordinary care.

(6) Title 14, § 384, denounces all abandoned or unused wells, cisterns and mining shafts without regard for their location with reference to highways, or other public places, or the premises of adjoining proprietors, and is, therefore, unconstitutional as violative of the due process clause of the Alabama and United States Constitutions. Const.1901, § 6; U.S.Const. Amend. 14.

(7) The plaintiff's complaint does not state facts showing a duty unless it alleges that the abandoned or unused well, cistern or mining shaft was adjoining a public highway.

Here, the complaint merely places the well or cistern "off Wolf Ridge Road." This could mean several miles off the road.

Appellant insists that there is a decided difference in the Cummings case and the instant case because there, a cow drowned, and here, a child drowned. That fact was also noted in the Cummings case in the following language:

"This should suffice to dispose of any question as to the duty of landowners to intelligent beings who come upon their property without invitation, express or implied. And even as to children so little advanced as to be unable to recognize patent dangers this court has said, following the authorities generally, that—

" 'Their inefficiency cannot be allowed to shift the care of them from their parents to strangers, or impose upon the owners of property a duty and liability where otherwise none would exist.' "

This court also said in the Cummings case:

"The effect of the complaint is to charge defendant with negligence, and the substance of the negligence alleged is the failure to comply with the terms of the act. But, if defendant, in failing to inclose the abandoned and unused well upon its property, not so near its boundaries as to constitute a source of danger to persons or property on a highway or attingent property, was in the enjoyment of property rights of which it could not be summarily deprived—and on reason and authority we conceive that to be the case—then the charge of negligence falls to the ground."

Under this authority, the demurrer to Count 1 was properly sustained because the complaint does not remove the deceased minor from the class of a trespasser, or a mere volunteer, or a bare licensee, and no legal duty is shown to be owed by the defendant to plaintiff's minor son.

This holding still seems proper and practical when we consider the great increase in ponds and lakes in this state. We are convinced that the Cummings case should be followed.

Count 2 was similar to Count 1 except that it alleged that defendant knew or should have known that children had been, for a long period of time, accustomed to playing on the property and that defendant knew or should have known the dangerous condition of the premises, and knew or should have known that one or more of the children were likely to be injured.

Plaintiff in brief says: "With regard to Count 2 of the complaint, appellant respectfully submits that said count was not drafted upon, nor should it be considered upon an attractive nuisance basis." He bases his theory of negligence on the principle that defendant has allowed a "dangerous instrumentality" to remain in position where children, who are known to frequent the premises, might get hurt.

We have held that water hazards are not dangerous instrumentalities and no legal duty is imposed on the owner of property to erect barriers, or other safeguards to protect children, not invitees, from water hazards. Cobb v. Lowe Mfg. Co., 227 Ala. 456, 150 So. 687.

Finally, appellant argues that the allegations that the well or cistern "had shallow water near the edges but dropped off extremely a few feet from the edge giving the water a great depth; that said drop off was invisible to the eye and the edges thereof were extremely slippery," together with

**446**

the allegation that children were accustomed to playing on the property near the excavation, showed negligence on the part of defendant.

Still appellant has not shown the deceased to be an invitee. In Cox v. Alabama Water Co., 216 Ala. 35, 112 So. 352, 356, 53 A.L.R. 1336, it was alleged that "defendant allowed a slime to accumulate on the sloping sides of its reservoir, thus * * * setting a trap for boys who might fall into the reservoir." This court said:

"* * * Appellant's contention in this regard would require the owner of every pond, reservoir, or waterway to so prepare his property as that, if trespassing boys should fall in, there would be no danger of drowning. That, we think, would be an unreasonable requirement.

"We trust we are as much inclined to give heed to the 'yearnings of humanity' as a court in which justice is administered according to law ought to be; but established rules of law, departed from in some cases, we concede—the intolerable burden a contrary rule would place upon the ownership of property, and the general drift of the courts away from an extension of the rule of the attractive nuisance cases—these considerations induce us to hold that the demurrer to appellant's complaint in this case was properly sustained."

The Cox case and the cases cited therein are ample authority to justify the sustaining of the demurrer to Count 2.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.