163 So.2d 217

**CITY OF DOTHAN**

v.

**Roy A. GULLEDGE, Jr., pro ami.**

**4 Div. 178.**

Supreme Court of Alabama.

April 9, 1964.

C. R. Lewis, Dothan, for appellant.

J. Hubert Farmer, Dothan, for appellee.

MERRILL, Justice.

Appellee, a minor eight years of age and suing by his father as next friend, recovered a judgment of $1,900 against appellant for damages sustained when appellee entered an opening in a storm sewer catch basin and slipped on a ladder inside the sewer. The case was tried on the doctrine of attractive nuisance. A motion for a new trial was denied.

The storm sewer catch basin where appellee was hurt was in the city airfield about 175 yards from appellee's home and about 25 yards from a dirt road. Appellee lived with his family in what was formerly a barracks at Napier Field, near Dothan. The appellant was in charge of the airfield and the land on which the drain was constructed.

The basin and catch basin inlet was designed by the U. S. Army Corps of Engineers and was of a type commonly used in state, federal and local drainage systems and is used by the Highway Department on four-lane highways, and it was of standard size and shape. The basin was 15 feet deep and was constructed of brick and was covered with a concrete slab. On the east and west sides of that part of the drain above the ground, there were openings 9 inches high and 24 inches wide. The concrete slab, about 1 yard square and 6 inches thick, was on top of the drain and served as the top of the 9 inch by 24 inch openings.

There was an iron ladder on one wall of the drain which could be seen if one put his head in the opening and looked for it. On the day appellee was injured, he and some other boys had crawled in the drain through one of the openings and had gone down to the bottom of the basin. As appellee climbed up the ladder to get out, his wet tennis shoes slipped on a rung of the ladder and he fell and broke his arm. He testified that he knew his wet tennis shoes would slip on iron and that his father had told him the day before he did not want appellee "playing around that opening."

The case was tried below and argued here on the attractive nuisance theory. A case will not be reviewed here on a theory different from that on which it was tried below. Southern Railway Co. v. Terry, 268 Ala. 510, 109 So.2d 919; Walker v. Walker, 245 Ala. 154, 16 So.2d 190; Seaboard Air Line Ry. Co. v. Lowe, 223 Ala. 542, 137 So. 448; 2 Ala. Dig., Appeal & Error, ☞171(1).

Our recent case of Alabama Great Southern Railroad Co. v. Green, ante p. 120, 159 So.2d 823, is dispositive of this case, and we

list only sufficient principles to make this opinion understandable. A more comprehensive discussion of them can be found in the Green case.

▉ The attractive nuisance doctrine applies to one who maintains dangerous instrumentalities or appliances on his premises of a character likely to attract children in play, or permits dangerous conditions to remain thereon with the knowledge that children are in the habit of resorting thereto for amusement. Williams v. Bolding, 220 Ala. 328, 124 So. 892.

▉ The doctrine is not supported unless the defendant has on his premises a condition which is naturally attractive to children at that place and is likely to be dangerous to such a person in the ordinary course of events, all of which is known to the defendant and not to the injured person and not obviously dangerous in itself; and there is no warning of the danger given; that the injured person responded to that attraction and went to the place by reason of it and was injured there by pursuing a course of conduct which was to be anticipated in the ordinary course of events. Republic Steel Corp. v. Tillery, 261 Ala. 34, 72 So.2d 719.

▉ The evidence here does not support the requirements for the application of the doctrine. The drain was of standard type, only 9 inches in width, not calculated to be naturally attractive to children, there was no evidence that appellant either knew that the drain was dangerous or that it knew children in general or the appellee played around or frequented the place. Furthermore, the appellee had been warned by his father to stay away from the drain, and when he did start to crawl through the 9 inch opening, the danger was obvious and patent. The drain was not a hidden danger, but was clearly observable to one of sufficient maturity to observe its depth and the dangers attendant thereto. No special protection is afforded children under such circumstances. Cobb v. Lowe Mfg. Co., 227 Ala. 456, 150 So. 687.

▉ Appellee was a trespasser, and a landowner is not bound to provide for a trespasser's safety from undisclosed dangers on his land, or to provide for the chance that someone may unlawfully be there. He must only refrain from intentionally injuring the trespasser, or laying a trap for him. Alabama Great Southern Railroad Co. v. Green, supra, and cases there cited.

We hold that the evidence does not support the claim that the drain was an attractive nuisance. Alabama Power Co. v. Kirkpatrick, 268 Ala. 338, 105 So.2d 855; Laning v. C. R. Crim Bldg. Co., 259 Ala. 268, 66 So.2d 121; Lovell v. Southern Ry. Co., 257 Ala. 561, 59 So.2d 807, and the authorities previously cited.

We also hold that the court erred in overruling the demurrer to the complaint because it did not sufficiently allege facts bringing the cause within the attractive nuisance doctrine. Alabama Great Southern Railroad Co. v. Green, ante p. 120, 159 So.2d 823; Alabama Power Co. v. Kirkpatrick, 268 Ala. 338, 105 So.2d 855.

It follows that the judgment must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.