296 So.2d 149

**Elmer BAILEY**

v.

**The CITY OF MOBILE, a municipal corporation.**

**S.C. 619.**

Supreme Court of Alabama.

May 30, 1974.

Howell, Johnston, Langford, Finkbohner & Lawler, Mobile, for appellant.

William H. Brigham, Mobile, for appellee.

MERRILL, Justice.

Appellant took a nonsuit and appealed after demurrer had been sustained to the complaint a third time. We affirm.

The suit was filed September 11, 1967, seeking $200,000.00 damages for fatal injuries to plaintiff's minor son and daughter, and it was alleged that the defendant, City of Mobile, negligently maintained a public drainage ditch so as to allow children to fall into it and drown. Demurrer was sustained December 21, 1967. The complaint was amended, demurrer refiled and sustained October 23, 1968. The complaint was again amended on July 18, 1969 and demurrer thereto sustained November 3, 1972. Plaintiff moved for a nonsuit and the judgment was entered May 11, 1973.

In Count One, as amended, plaintiff claimed damages for the death of his eight-year-old daughter and his eleven-year-old son "caused by the negligence of Defendant's officers, agents, servants, or employees, while acting in line with, and within the scope of their employment, did negligently permit a great artificial hole or excavation commonly called a drainage ditch of great and dangerous depth, and dangerous to children, to be and remain upon its premises at or near Mobile County, Alabama, unguarded, uncovered, and in such condition as to be dangerous to children under eleven years of age; and Plaintiff further avers that his two children were invited to be, and to play around, said artificial drainage ditch and that the Defendant, its officers, agents, servants, or employees, either knew or in the exercise of due diligence should have known, that said artificial drainage ditch was a place of great danger to Plaintiff's two aforesaid children, and Plaintiff further avers that on May 7, 1966, while Plaintiff's two aforesaid children on said premises by said invitation of said Defendant, its officers, servants, agents, or em-

ployees, as such, the Plaintiff's two aforesaid children fell into said artificial drainage ditch, and thereby drowned."

The sworn statement of claim against the City required by Tit. 37, § 504, Code 1940, stated in part:

"My name is Elmer Bailey and I reside at 5930 West Haven Drive, Mobile, Alabama. I have been living there for the last seven (7) years with my family. My family had gone to the rear of the lot across the street and were picking blackberries along a drainage ditch when suddenly my younger daughter fell into the ditch. My two (2) children, Bobby Bailey and Gwendolyn Joyce Bailey both were drowned in attempting to get out of the ditch. * * *"

Appellant contends that the complaint sufficiently invokes the doctrine of attractive nuisance. He states in brief:

"Plaintiff-Appellant is not unmindful of the many cases of this Court which have held under varying circumstances that either the doctrine of attractive nuisance did not apply or because the hazard on the defendant's property was a water hazard and was open and obvious, that there could be no liability to minor children. Plaintiff has read such cases as Mullins v. Pannell, 289 Ala. 252, 266 So.2d 862; Earnest v. Regent Pool, Inc., 288 Ala. 63, 257 So.2d 313; City of Dothan v. Gulledge, 276 Ala. 433, 163 So.2d 217; Alabama Great Southern Railroad v. Green, 276 Ala. 120, 159 So. 2d 823."

We add to that list Cox v. Alabama Water Co., 216 Ala. 35, 112 So. 352, and Cobb v. Lowe Mfg. Co., 227 Ala. 456, 150 So. 687. In the latter case, this court said:

"Waters, whether pools or lakes, natural streams, or artificial streams maintained for lawful purposes, it may be conceded, have a lure for children, especially boys, even of tender years.

"But this court, in line with reason and the great weight of authority, has

declined to extend the doctrine of attractive nuisance to such conditions, so as to impose on the owner of property a legal duty to erect barriers, or other safeguards to protect children, not invitees, from water hazards. They exist everywhere in nature, and take a toll of the lives of adventurous youth, and betime those of very tender years."

We cannot agree with appellant's contentions that the instant case should mark an exception to the rule of the cases cited supra.

■ The allegations of the complaint were not sufficient to invoke the attractive nuisance doctrine and the demurrer was properly sustained.

Appellant argues that the allegation that "his two children were invited to be, and to play around, said artificial drainage ditch" was sufficient against demurrer and cites the same allegation as Count 3 of the complaint in Alabama By-Products Corp. v. Cosby, 217 Ala. 144, 115 So. 31. We cannot agree.

The first reason is that here, the defendant is a city and not an individual or an ordinary corporation. Tit. 37, §§ 502–504, require a claim to be filed with the city, and in Hillis v. City of Huntsville, 274 Ala. 663, 151 So.2d 240, this court held that these sections were intended by the Legislature to restrict municipal liability to two classes "(1) Where the wrong done was the proximate result of culpable act or omission of some agent, officer, or employee then engaged within the line of his duty in the municipality's service; or (2) where the wrong was the proximate result of some culpable omission by the municipality to remedy some defect in the streets, alleys or buildings, after the same has been called to the attention of the council. City of Bessemer v. Chambers, 242 Ala. 666, 8 So.2d 163." Here, the wrong was not caused by a defect "in the streets, alleys or buildings." If the city did, as alleged, invite the children to play around the water, then it was operating a playground or a park, and the city was engaged in a governmental function not a proprietary function.

A second reason is that there is a conflict between the allegation in the complaint that the children were invited, and the statement in the attached claim that the members of plaintiff's family "were picking blackberries along a drainage ditch." In the count, they are alleged to be invitees and in the claim they can only be trespassers or mere licensees.

■ The rule is that where the complaint incorporates the notice required to be served on the city clerk, a defect in the notice will subject the complaint to an appropriate demurrer. Allbritton v. City of Birmingham, 274 Ala. 550, 150 So.2d 717; Smith v. City of Birmingham, 243 Ala. 124, 9 So.2d 299. Here, appropriate grounds of demurrer raised the point.

■ A third reason is that this court does not review a case on a theory different from that on which it was tried below. Weston v. Weston, 269 Ala. 595, 114 So.2d 898; Union Springs Telephone Co. v. Green, 285 Ala. 114, 229 So.2d 503. In City of Dothan v. Gulledge, 276 Ala. 433, 163 So.2d 217, this court said: "The case was tried below and argued here on the attractive nuisance theory. A case will not be reviewed here on a theory different from that on which it was tried below." This principle applies to the instant case.

■ Finally, this court said in Mayo v. Mobile Asphalt Co., 272 Ala. 442, 131 So. 2d 881:

"We have held that water hazards are not dangerous instrumentalities and no legal duty is imposed on the owner of property to erect barriers, or other safeguards to protect children, not invitees, from water hazards. Cobb v. Lowe Mfg. Co., 227 Ala. 456, 150 So. 687."

The counts fail to establish a duty flowing from the defendant City to the children and, further, fail to establish that duty by

showing an attractive nuisance within the meaning of our cases. Sammons v. Garner, 284 Ala. 131, 222 So.2d 717; Mayo v. Mobile Asphalt Co., supra.

The demurrers were properly sustained.

The Alabama Rules of Civil Procedure do not apply because all the pertinent action in the trial court took place prior to July 3, 1973, the effective date of ARCP. Phillips v. D & J Enterprises, 292 Ala. 31, 288 So.2d 137.

Affirmed.

COLEMAN, BLOODWORTH, FAULKNER and JONES, JJ., concur.