FAULKNER, Justice.
Two minor children of Marlin E. Hammond (one 8 years old, and one 5 years old) drowned in a pond on the defendant’s property. On the day of this grievous occurrence, these children, without invitation of the property owner, went to play on the vacant lot on which the pond was located. While there, playing, sliding down a mound of dirt, looking for frogs, their apparent fun and good time was turned into a disaster.
Suit was filed by Hammond contending that the defendant was negligent by failing to exercise reasonable care in creating or permitting the existence of this dangerous condition. His theory of recovery did not include “attractive nuisance,” “dangerous instrumentality,” or “wantonness” — only simple negligence.
The defendant filed a motion to dismiss; it was granted, and this appeal is from the order of dismissal. We affirm on authority of Tolbert v. Gulsby, Ala., 333 So.2d 129 (1976), holding that:
“Under a negligence count, the duty owed by a landowner depends on 'the status of the injured party in relation to the defendant’s land. See Mullins v. Pannell, 289 Ala. 252, 266 So.2d 862 (1972); Autrey v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469 (1969). If the injured party is determined to have been a trespasser, the landowner owes only the duty not to wantonly or intentionally injure him. City of Dothan v. Gulledge, 276 Ala. 433, 163 So.2d 217 (1964); Alabama Great Southern Railroad Co. v. Green, 276 Ala. 120, 159 So.2d 823 (1964). ‘Under ordinary conditions trespassing children, or children on the land of anoth *916 er as bare licensees, occupy the same position as trespassing adults.’ Alabama Great Southern Railroad Co. v Green, supra; Mullins v. Pannell, 289 Ala. 252, 266 So.2d 862 (1972). If plaintiff is found to have been on defendant’s property with his consent or as his guest, but with no business purpose, he attains the status of licensee and is owed the duty not be willfully or wantonly injured or not to be negligently injured after the landowner has discovered his peril. Autrey v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469 (1969).”
Also, see Earnest v. Regent Pool, Inc., 288 Ala. 63, 257 So.2d 313 (1972).
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.