SHORES, Justice.
Kennedy Smith and Kenneth Watts, each aged thirteen, drowned in a water pollution control reservoir maintained by U. S. Steel Corporation. The mother of each brought an action against U. S. Steel charging negligence, wantonness and the maintenance of an attractive nuisance. U. S. Steel filed a motion for summary judgment supported by affidavits and the plaintiffs filed a coun-teraffidavit. The trial court granted the motion and the plaintiffs appealed.
At the time the boys were drowned, the reservoir was surrounded by an eight-foot cyclone fence. Strands of barbed wire were on top of the fence. In some places around the pond, there were two fences. The property was posted with signs which stated: “Danger No Trespassing — United States Steel Property.” There were two gates into the pond area which were either guarded or locked at all times. An employee of *1370 U. S. Steel patrolled the area at least twice a day. Sometime in the late afternoon or early evening of May 9, 1974, the boys entered the property by removing the metal strips which secured the cyclone fence to a pole and bending back the bottom corner of the fence. They climbed the inside fence to gain access to the pond.
Although the complaints filed by the plaintiffs do not contain a “dangerous instrumentality” count, they argue in brief that, although the boys were trespassers, the trial court erred in granting U. S. Steel’s motion for summary judgment because the rule frequently announced and recently restated in Earnest v. Regent Pool, Inc., 288 Ala. 63, 257 So.2d 313 (1972), “ . . . was at least partially tacitly overruled by Tolbert v. Gulsby, 333 So.2d 129 (Ala.1976).” They do not argue that the trial court erroneously granted the motion for summary judgment as to the wanton and attractive nuisance counts. The affidavits do not raise any issue of fact as to these two theories.
We affirm on authority of Hammond v. Realty Leasing, Inc., 342 So.2d 915 (Ala.1977). That case also involved the drowning of two children in a pond on the defendant’s property. There, the complaint charged that the defendant was negligent in creating or permitting the existence of a dangerous condition on its property. This court said:
“ . . . We affirm on authority of Tolbert v. Gulsby . . . [supra], holding that:
“ ‘Under a negligence count, the duty owed by a landowner depends on the status of the injured party in relation to the defendant’s land. See Mullins v. Pannell, 289 Ala. 252, 266 So.2d 862 (1972); Autry v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469 (1969). If the injured party is determined to have been a trespasser, the landowner owes only the duty not to wantonly or intentionally injure him. City of Dothan v. Gulledge, 276 Ala. 433, 163 So.2d 217 (1964); Alabama Great Southern Railroad Co. v. Green, 276 Ala. 120, 159 So.2d 823 (1964). “Under ordinary conditions trespassing children, or children on the land of another as bare licensees, occupy the same position as trespassing adults.” Alabama Great Southern Railroad Co. v. Green, supra; Mullins v. Pannell, 289 Ala. 252, 266 So.2d 862 (1972). If plaintiff is found to have been on defendant’s property with his consent or as his guest, but with no business purpose, he attains the status of licensee and is owed the duty not [to] be willfully or wantonly injured or not to be negligently injured after the landowner has discovered his peril. Autry v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469 (1969).’ ” (342 So.2d at 915, 916)
This case is indistinguishable from Hammond v. Realty Leasing, Inc., supra.
AFFIRMED.
TORBERT, C. J., and JONES, ALMON and BEATTY, JJ., concur.