In this land partition suit, the trial judge found that the subject 40 acres of land jointly owned by the parties could not be equitably partitioned in kind among all the parties; he ordered it sold for division.
Two basic issues are presented:
(1) Was a former action involving the same land res judicata?
(2) Was there evidence to support the trial court's finding that the land could not be equitably divided?
The subject tract was originally owned by Joe Johnson and his wife, Gladys. Gladys died in 1935. Joe Johnson remarried. His second wife, Lou, is also deceased.
In 1968, Joe Johnson, a widower, sold the subject tract to Walter Thomas and his wife, Jo Ann Thomas, who is the daughter of Joe Johnson by his second marriage.
The parties are as follows:
Appellants are the children and grandchildren of Joe Johnson and his first wife, Gladys. Appellees, Walter and Jo Ann Thomas, are the purchasers from Johnson. In 1971, Thelma Louise Vaughn, Georgia Freeda Rorex and Johnny Jacob Johnson, children of Joe and Gladys Johnson, commenced an action against Walter Thomas, Jo Ann Thomas and Joe Johnson, seeking to have the 40 acres sold for division. This cause was dismissed on the basis that some of the plaintiffs were remaindermen and as such could not force a sale for division against a life tenant.
The present suit was filed in July, 1978, by the appellees against Thelma Louise Vaughn, Georgia Freeda Rorex and the children of Johnny Jacob Johnson, deceased, Jimmy Sue Rollins, Charles David Johnson, Roy Lee Johnson, Jerry Lynn Gibson Ingram and Lucy Johnson.[1]
After considering the evidence and pleadings, the judge determined that the property could not be equitably divided in kind and that its sale was necessary to accomplish an equitable division. He then established the respective interests of the parties *Page 1311 
and ordered the Clerk of the Court to sell the real estate at public outcry.[2]
The former action was filed by some of the appellants who were remaindermen, but neither of them was entitled to possessory rights in the real estate in question. The trial court correctly held in the former action that they could not maintain an action for partition. Duncan v. Johnson,338 So.2d 1243 (Ala. 1976), Ganus v. Sullivan, 267 Ala. 16, 99 So.2d 204
(1957). That action would not bar the present action, however, in which plaintiffs holding a possessory interest sought a sale for division.
The appellants also contend that the trial court erred in finding that the property in question could not be equitably partitioned in kind between the parties. We must disagree again.
The appellees placed into evidence testimony taken before the register in the former case. A review of this testimony shows that the judge's findings are well supported by the evidence. Furthermore, the parties stipulated in open court that division in kind was impossible. A party cannot try his case on one theory and then appeal on a separate theory. Bailey v. City ofMobile, 292 Ala. 436, 296 So.2d 149 (1974).
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] The names of defendants Jerry Lynn Gibson Ingram and Lucy Johnson were subsequently corrected by the trial court to read Jerry Lynn Ingle and Luanna Johnson Sexton, respectively.
[2] Appellants posted a supersedeas bond staying the sale pending the outcome of this appeal.