Plaintiff, William C. Dailey, Jr., appeals from a summary judgment in favor of the defendant, City of Birmingham, in an action by Dailey, for the death of his minor child Alton Charles Dailey. The theory upon which plaintiff seeks recovery is that the City of Birmingham negligently caused the death of his child by undertaking the construction of a protective guardrail, or fence, or barrier, at a storm sewer ditch and not completing that construction, as a consequence of which the child fell into the ditch and drowned. We reverse.
 Facts
On 16 August 1976, Alton Charles Dailey, a three year old child, drowned when he was swept into an open storm sewer ditch from the premises of 42 Third Avenue South, Birmingham, Alabama. Prior to this tragic accident, the City of Birmingham was in the process of doing certain construction work on, and about, the ditch.
At the point at which the ditch in question crossed Third Avenue South, the City *Page 729 
of Birmingham had constructed a bridge some fifteen years prior to the incident. A bridge rail was constructed along the end of the bridge. As part of the construction, walls extended from the end of the bridge along the banks of the ditch. The Dailey home is located adjacent to one of these walls and immediately in front of one end of the bridge. In the adjacent wall, pipes are embedded that extend above it approximately one to two inches. Dailey contends these pipes were part of a fence or barrier which the City began constructing but never completed. The City contends these pipes are not part of the construction of any fence or barrier.
Dailey's complaint, pursuant to § 6-5-391, Code 1975, for damages on account of the death of his minor child alleges that
 "* * * the City of Birmingham negligently permitted and maintained an open sewer ditch or waterway * * * under the public street and sidewalk known as 3rd Avenue, South * * *."
The City's motion for summary judgment was granted and judgment entered in behalf of the City on the grounds the case of Baileyv. City of Mobile, 292 Ala. 436, 296 So.2d 149 (1974), was controlling and precluded plaintiff from recovery. This appeal followed.
 Decision
Rule 56 (c), ARCP, clearly states that summary judgment is proper when
 "* * * there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law. * * *"
The principle set forth in Rule 56 (c) is: summary judgment must be denied if, under any set of provable circumstances, the plaintiff may recover according to a cognizable theory of law.Harbour v. Colonial Fast Freight Lines, Inc., 336 So.2d 1100
(Ala. 1976).
In this case the trial court granted summary judgment, because this court held in Bailey v. City of Mobile, supra, that the City of Mobile did not have a duty to erect barriers or other safeguards to protect children, not invitees, from water hazards. The court in Bailey went on to state that the plaintiff in that case had failed to establish a duty flowing from the City to his children who drowned and, further, had failed to establish such a duty by showing an attractive nuisance within the meaning of our cases. We have no quarrel with the holding in Bailey; however, the facts, as well as plaintiff's legal theory, in this case are different from those in Bailey.
It is readily apparent there is a disputed issue of material fact. The plaintiff contends, and has evidence to support this contention, the City undertook to build a fence or barrier along the bank of the ditch where Dailey's child drowned. The City contends it had constructed all the fences or barriers it ever intended to build. This question of fact is quite important because Dailey's theory of recovery is: the City of Birmingham voluntarily undertook to protect the public by beginning construction of a fence or barrier next to the ditch in question and negligently failed to complete such construction.
Alabama clearly recognizes the doctrine that one who volunteers to act, though under no duty to do so, is thereafter charged with the duty of acting with due care and is liable for negligence in connection therewith. See, e.g., Robinson v.Harris, 370 So.2d 961 (Ala. 1979); United States Fidelity Guaranty Co. v. Jones, 356 So.2d 596 (Ala. 1978); Beasley v.MacDonald Engineering Co., 287 Ala. 189, 249 So.2d 844 (1971). The evidence being in dispute, as to whether the City voluntarily undertook to protect the public by erecting a fence or barrier along the bank of the ditch, we cannot say it is not possible that Dailey may prove a set of facts which would allow him to recover under some cognizable theory of law. We therefore find entry of summary judgment improper.
For the reasons recited, the judgment is reversed and the case remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur. *Page 730